Virge TUCKER, Jr., Appellant,

v.

Richard SCHWEIKER, Secretary of the Department of Health and Human Services, Appellee.

No. 81–1591.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 28, 1982.

Decided Oct. 5, 1982.

Thomas S. Martin, Acting Asst. Atty. Gen., Baltimore, Md., George W. Proctor, U. S. Atty., Little Rock, Ark., Gabriel L. Imperato, Trial Atty., Dept. of Health and Human Services, Social Security Division, Baltimore, Md., for appellee.

Thomas & Nussbaum, P.A., Little Rock, Ark., for appellant.

Before HEANEY and BRIGHT, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Virge Tucker, Jr., appeals from an order of the district court affirming the decision of the Secretary of Health and Human Services denying Tucker Supplemental Security Income benefits under 42 U.S.C. § 1382. We reverse and remand for further proceedings.

The benefits application at issue in this appeal is the fifth one that Tucker has filed. The four previous applications sought disability insurance and Supplemental Security Income (SSI) benefits based on lung and back problems that allegedly set in in 1971 or 1972. Hearings were held on three of these applications, and all were denied.

Tucker filed the present application on October 11, 1978, seeking only SSI benefits. The claim was denied initially and upon reconsideration. A brief hearing was held before an administrative law judge (ALJ) on August 15, 1979. Only the plaintiff testified, and he was not represented by counsel. In a decision dated September 28, 1979, the ALJ found that Tucker was not disabled and therefore was not entitled to SSI benefits. The Appeals Council denied review of the ALJ's decision, and it became the final decision of the Secretary. 20 C.F.R. § 416.1481 (1982). Tucker then filed this action for judicial review of the Secretary's decision. The district court entered judgment for the Secretary and Tucker appeals.

Tucker was thirty-five years old at the time of the hearing on this application. He has a ninth-grade education. He has not worked since the fall of 1971. His last job was as a garbage collector and he has previously laid pipes and installed meters for the Little Rock Water Department.

 The ALJ found that Tucker cannot return to his former work because he suffers from the following impairments: "chronic arthritis of the low back, mild pulmonary problems, and a schizoid personality." There is substantial evidence in the record to support these findings.[1]

Dr. K. A. Seifert examined Tucker on September 20, 1978, and concluded that he suffers from "[a]rthritis, degenerative, chronic, dorsolumbar spine." This diagnosis was confirmed by Dr. Marvin N. Kirk, who examined Tucker two months later. Dr. Kirk stated that Tucker "is indeed having back trouble * * * and will continue to have this for many years to come * * *. I feel that he is unable to do manual labor."

Dr. Ronald Hardin stated in a November 27, 1977, report that, in addition to his arthritis, Tucker has "chronic obstructive pulmonary disease." Dr. Seifert in his September, 1978, report similarly concluded that Tucker has chronic pulmonary disease. Dr. Lamar McMillan found on February 3, 1976, that because of his lung and back problems, Tucker cannot stand and walk for eight hours a day or lift ten or more pounds frequently.

Tucker's mental impairment was noted first by Dr. Hardin after a July 17, 1976, examination. Dr. Hardin concluded that Tucker has a "personality disorder," and stated that he "would recommend psychiatric evaluation as this claimant may be under considerable disability from a psychosomatic standpoint alone." A psychiatric evaluation was conducted by Dr. Robert Thompson one month later; he found that Tucker has a "Schizoid Personality Disorder." That diagnosis was confirmed by Dr. R. W. Beard after an examination conducted on September 10, 1979.

 Because the ALJ found, based on the above-cited evidence, that Tucker cannot return to his previous work, the burden shifted to the Secretary to show that there is other substantial gainful activity that Tucker can perform. *Martin v. Harris,* 666

1. We have reviewed the entire record considered by the ALJ in reaching his decision, including the exhibits filed originally in conjunction with Tucker's four previous benefit applications.

The district court held that judicial review of the first three applications is barred by res judicata, but that "the fourth and fifth applications for supplemental security income benefits are before this Court for review." We fail to see the relevance of res judicata principles to this case. Tucker only seeks review of the fifth

application, although it contains the same allegations as the previous SSI claims, and relies on much the same evidence as presented earlier. At no point in these proceedings has the Secretary argued that Tucker's claim is barred by administrative res judicata, and Tucker's fifth application has been thoroughly considered on the merits by the Secretary. *See McGowen v. Harris,* 666 F.2d 60, 65 (4th Cir. 1981). Thus, res judicata is not at issue in this appeal.

F.2d 1153, 1155 (8th Cir. 1981); *Stone v. Harris,* 657 F.2d 210, 211 (8th Cir. 1981); *Beasley v. Califano,* 608 F.2d 1162, 1166 (8th Cir. 1979). The ALJ held that this burden had been met by application of the Secretary's Medical-Vocational Guidelines, 20 C.F.R. §§ 404.1501 *et seq.* The ALJ found that the claimant is a "younger individual" with a "limited education" whose prior work experience was "unskilled." He further found that Tucker has the residual functional capacity for light work.[2] Applying Rule 202.17[3] of the Guidelines to these findings, the ALJ held that a conclusion of "not disabled" was required. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 202.17 (1982).

The ALJ erred in holding that the Guidelines direct that Tucker be found "not disabled." The ALJ found that Tucker suffered from a nonexertional impairment—a schizoid personality—as well as being physically limited by his back and lung ailments. As we have recently emphasized, the Guidelines are predicated on a claimant's *physical* capacity for work and they do not account for the fact that certain jobs available to persons with the claimant's physical capacity may "be contraindicated by [his] nonexertional limitations." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2). *See McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir. 1982). Under these circumstances, the Guidelines cannot take the place of vocational expert testimony addressed to the question of what jobs a person with Tucker's physical *and* mental limitations can perform. *See id.* at 1149. In the absence of such testimony here, we cannot find that the Secretary met his burden of showing that Tucker can engage in substantial gainful activity. *See Poe v. Harris,* 644 F.2d 721, 722–723 (8th Cir. 1981); *Garrett v. Richardson,* 471 F.2d 598, 603–604 (8th Cir.

1972), *cited with approval in McCoy v. Schweiker, supra,* 683 F.2d at 1149.

The district court acknowledged that the ALJ erroneously applied the Guidelines. The court found, however, that Tucker is only "mildly impaired" by his schizoid personality and that "[a]s a result, there is substantial evidence in the record for the Administrative Law Judge to have found that this impairment does not diminish the plaintiff's overall capacity to perform light work." The fact is, however, that there is no indication that the ALJ ever considered, as the regulations require, whether Tucker's "work capability is further diminished * * by the nonexertional limitation." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.-00(e)(2). Even a "mild" mental impairment may "prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies." *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 666 n.8 (1st Cir. 1981). We cannot say on this record that if the ALJ had properly considered the evidence of Tucker's schizoid personality, he still would have found Tucker "not disabled."

A second error is apparent from the ALJ's decision. All the physicians reports contained in Tucker's file note that Tucker complains of pain in his chest and lower back and severe shortness of breath. The ALJ made only a brief inquiry on this subject at the administrative hearing, and simply stated in his findings that "[t]he claimant's complaints of severe shortness of breath and continual low back pain are not substantiated by the medical evidence." The ALJ improperly emphasized the need for objective medical evidence of Tucker's pain. *See Cole v. Harris,* 641 F.2d 613, 615 (8th Cir. 1981). "Although evidence of pain

---

**2.** The Secretary defines light work as that requiring "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds * * *. [A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.-1567(b) (1982).

**3.** These Guidelines, which appear in the Secretary's regulations regarding disability insurance benefits, are applicable to SSI claims pursuant to 20 C.F.R. § 416.969 (1982). *See McCoy v. Schweiker,* 683 F.2d 1138 at 1141 n.3 (8th Cir. 1982).

suffered by a claimant may be of necessity subjective in nature, and therefore difficult to evaluate, the administrative factfinder must give serious consideration to such evidence even though it is not fully corroborated by objective examinations and tests performed on the claimant." *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir. 1978). The ALJ should have expressly determined if Tucker's complaints of pain were credible regardless of whether there was "direct medical evidence of [a] cause and effect relationship" between his pulmonary and arthritis problems and his subjective pain. *Id.* On remand, the ALJ must make explicit credibility findings on this issue. *See Wilson v. Schweiker,* 681 F.2d 526, 527 (8th Cir. 1982); *Andrews v. Schweiker,* 680 F.2d 559, 560–561 (8th Cir. 1982).

■ For the reasons stated above, we reverse the order of the district court and remand to it with directions that this cause be remanded to the Secretary for further evidentiary proceedings. In light of the sketchy nature of the previous hearing on this application, the claimant must be given an opportunity to present further evidence relevant to his claim. The ALJ must fully and fairly develop the record, particularly as to Tucker's mental impairment and subjective complaints of pain, so that a just determination of disability can be made. *See, e.g., McCoy v. Schweiker, supra,* 683 F.2d at 1147; *Landess v. Weinberger,* 490 F.2d 1187, 1189 (8th Cir. 1974).

■ Because we have found that further evidentiary proceedings are necessary in this case, we need not reach the question of whether there is substantial evidence in the record to support the ALJ's finding that the claimant has the residual functional capacity (RFC) to perform light work. We note that Dr. McMillan's findings that Tucker cannot stand or walk for eight hours a day or lift ten or more pounds frequently is inconsistent with the ALJ's conclusion that Tucker can do light work, and the record does not contain strong evidence specifically supporting the ALJ's conclusion. We further note that "[t]he RFC that must be found if the grid is to be used, in the case of

sedentary and medium work, as well as light work, is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker, supra,* 683 F. 2d at 1147. *See Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 529 (6th Cir. 1981). On remand, the Secretary should consider whether Tucker in fact has that ability.