**Irmgard NICKS, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary, Department of Health and Human Services, Appellee.**

**No. 82–1996.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 5, 1982.

Decided Jan. 5, 1983.

J. Paul McGrath, Asst. U.S. Atty., Washington, D.C., George W. Proctor, U.S. Atty., Little Rock, Ark., Frank V. Smith, III, Regional Atty., Mary K. Biester, Asst. Regional Atty., U.S. Dept. of Health and Human Services, Dallas, Tex., for appellee.

Burrow & Harlan, Blytheville, Ark., for appellant.

Before HEANEY, ROSS and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

Appellant Irmgard Nicks appeals from the district court's judgment affirming the Secretary of Health and Human Services's final decision denying the appellant disability benefits. Because the administrative law judge failed to shift the burden of proof to the Secretary as is required and relied solely on the application of the Medical-Vocational Guidelines in a case in which there was significant evidence of a nonexertional impairment, we reverse and remand for further proceedings.

Mrs. Nicks filed an application for Social Security disability benefits on October 14, 1975. She alleged that the onset of her disability was September 8, 1974, when she injured her back while working as an aide in a nursing home. This application was denied on June 3, 1976, on the ground that Nicks did not meet the earnings requirement of the Social Security Act. Upon receipt of further information, the Social Security Administration determined that this initial decision was incorrect and that the appellant met the earnings requirement through March 31, 1977.

The Social Security Administration subsequently considered the merits of Mrs. Nicks' claim, and entered a decision on July 10, 1979, finding that she was not entitled to benefits because her back injury was not legally disabling on any date through March 31, 1977. Upon a request by Mrs. Nicks for reconsideration, the Administration adhered to its finding of no disability in a decision dated July 19, 1979. Mrs. Nicks then requested a de novo hearing, which was held before Administrative Law Judge Wayne Upton on December 13, 1979. The appellant, her husband and her attorney appeared at the hearing and presented evidence concerning the appellant's prior work history, educational background and medical history. Mrs. Nicks testified that she was suffering a great deal of pain as a result of her injury and submitted medical reports which dealt with her condition both before and after March 31, 1977. The record was kept open to allow the submission of additional medical evidence.

In late 1980, because Administrative Law Judge Upton retired from government service, Mrs. Nicks' case was assigned to Administrative Law Judge L.D. Blair, who issued a recommended decision on December 3, 1980. In this decision, ALJ Blair denied Mrs. Nicks' claim and found that she was not disabled under the Social Security Act. The appellant sought review of this decision by the Appeals Council. On May 20, 1981, the Appeals Council affirmed ALJ Blair's decision, making it the final decision of the Secretary of Health and Human Services.

The appellant filed this action against the Secretary on July 23, 1981. The matter was referred to a United States Magistrate, who recommended that the Secretary's decision be affirmed and summary judgment be granted in the Secretary's favor. On

July 23, 1982, the district court adopted this recommendation and affirmed the Secretary's decision on the ground that substantial evidence in the record supported the Secretary's finding that Mrs. Nicks was not disabled.

On appeal to this Court, the appellant alleges that there is not substantial evidence to support the Secretary's decision and that the substitution of ALJ Blair for ALJ Upton denied her due process and is contrary to the Administrative Procedure Act. We agree with the appellant that the Secretary's decision lacks sufficient support.

Mrs. Nicks was born in Germany on March 1, 1943. She completed the eighth grade and received four years of nurses training before immigrating to the United States in the early 1960s. Mrs. Nicks has learned to speak English, but cannot effectively write in the English language. She is not certified to work as a nurse in the United States, but was employed as a nurses' aide in a nursing home. Mrs. Nicks injured her back in 1974 while lifting a patient into a wheelchair in the nursing home.

As a result of this injury, Mrs. Nicks underwent two operations: the first in February, 1975, and the second in August, 1975. The first involved a microlumbar discectomy at the left L5–S1 disc; the second was a lumbar discectomy at the right L5–S1 disc. After these operations, Mrs. Nicks moved to England because her husband was transferred there. She was hospitalized shortly after her arrival in August, 1976, for low back pain. She was treated by Air Force physicians and released September 21, 1976. Two months later, she was again hospitalized for evaluation and treatment of back pain. A third hospitalization occurred in February, 1977, after Mrs. Nicks continued to suffer from back pain and experienced numbness in her extremities. She was readmitted to the hospital on April 5, 1977, for further evaluation of her "persistent back and right leg pain." She continued to have problems with her back throughout 1977, and appears to have seen physicians several more times during the year for this and related problems.

The record also contains medical reports from physicians who treated Mrs. Nicks from 1978 to 1980. Air Force physician James M. Dennis, who had treated Mrs. Nicks since October, 1978, noted in a 1979 report that "the patient continues to have low back pain of a disabling nature. She is unable to stand erect for more than 15 minutes and is then required to sit and/or move about for relief. Sitting still is limited to 45 minutes, with pain, relieved only by moving about." Dr. E.B. Dickenson, an orthopedic surgeon, examined Mrs. Nicks in 1979. Dr. Dickenson stated in his report that Mrs. Nicks "is disabled for even sedentary occupations * * *" as a result of her "very limited activity tolerance." Finally, Dr. Charles A. Cape, a neurosurgeon who examined Mrs. Nicks in 1980, indicated that she "appears to be continuously suffering from back and leg pain," and recommended that she be admitted to a pain clinic.

ALJ Blair (hereinafter the ALJ) reviewed all of this medical evidence, but relied upon the report of Dr. Harry Friedman, a government-employed neurosurgeon, in concluding that Mrs. Nicks was capable of performing at least sedentary or light work activity on a sustained basis. The ALJ applied the Medical-Vocational Guidelines, which directed that Mrs. Nicks be found "not disabled," and placed the burden on Mrs. Nicks to "establish that her disability, if any, commenced on or before March 31, 1977," even though she lacked "the residual functional capacity for performing her previous work activity as a nurse or nurses' aide." As to Mrs. Nicks' "chronic severe disabling pain," the ALJ found "that the preponderance of the relevant credible medical evidence fails to support the presence of pain to the degree alleged by the claimant * * * and, consequently, the claimant's allegations of such pain is [sic] found to lack credibility."

█ Apart from the extensive evidence in the record which supports the appellant's position regarding the nature and extent of her pain, we find two other reasons why the district court's decision affirming the Secre-

tary's determination must be reversed: First, even though the ALJ found that Mrs. Nicks could not return to her previous occupation as a nurses' aide, the burden of proof was never shifted to the Secretary to establish that she could perform other work. This Court has consistently held that once it is determined that a claimant cannot return to the work he or she previously performed, the burden shifts to the Secretary to prove that the claimant can perform other work in the economy. *See, e.g., Camp v. Schweiker,* 643 F.2d 1325, 1332 (8th Cir. 1981) (citing *Wroblewski v. Califano,* 609 F.2d 908, 912–913 (8th Cir.1979)); *Cole v. Harris,* 641 F.2d 613, 614 (8th Cir.1981); *Warner v. Califano,* 623 F.2d 531, 532 (8th Cir.1980).

 Second, the ALJ relied solely on the Medical-Vocational Guidelines, codified as Subpart P, Part 404, Chapter III, Title 20 of the Code of Federal Regulations, 20 C.F.R. §§ 404.1501 *et seq.,* to find that Mrs. Nicks was "not disabled" even though there was substantial evidence of a nonexertional impairment—pain. *See Gagnon v. Secretary of HHS,* 666 F.2d 662, 666 n. 8 (1st Cir.1981), *cited in McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982). In *McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir.1982), we noted that the Guidelines are predicated on a claimant's *physical* capacity for work, and if a claimant has a nonexertional impairment, the Guidelines and grid "are not controlling and cannot be used to direct a conclusion of disabled without regard to other evidence, such as vocational testimony." *Id.* at 1148 (citing Appendix 2, § 200.-00(e)). *See Tucker v. Schweiker,* 689 F.2d 777, 780 (8th Cir.1982). Because Mrs. Nicks presented evidence that she suffers from disabling pain as well as other physical impairments, the Guidelines cannot take the place of vocational expert testimony addressed to the question of what jobs a person with Mrs. Nicks' physical limitations and degree of pain can perform. *See Tucker v. Schweiker, supra,* 689 F.2d at 780; *McCoy v. Schweiker, supra,* 683 F.2d at 1149. There was no such testimony by a vocational expert in this case; thus, the Secretary has not met the burden of show-

ing that Mrs. Nicks can engage in substantial gainful activity.

Accordingly, the decision of the district court is reversed and remanded with directions to remand to the Secretary to either grant Mrs. Nicks her requested benefits or to hold an additional hearing. If another hearing is held, the claimant should be given the opportunity to testify so that the ALJ can effectively judge her credibility. Mrs. Nicks must also be allowed to present any further medical evidence that is relevant to her condition through March 31, 1977, including any current medical reports that may concern the nature and extent of her back injury and recurring pain. The ALJ must give serious consideration to any testimony regarding Mrs. Nicks' pain, and cannot discount subjective evidence of the degree of pain suffered solely on the basis that it is not fully corroborated by all of the objective medical evidence. *See Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978). Finally, the burden must be placed on the Secretary to produce evidence by a vocational expert that there were jobs available that suited a person with Mrs. Nicks' capabilities—both exertional and nonexertional—as of March 31, 1977, the date her insured status under the Social Security Act expired.