**Fay E. BURLESON, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 82–2020.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1983.

Decided July 15, 1983.

Dale G. Zimmerman, Gen. Counsel, Chicago, Ill., for respondent; Edward S. Hintzke, Asst. Gen. Counsel, Arthur A. Arfa, Gen. Atty., Chicago, Ill., of counsel.

Ponder & Jarboe, Walnut Ridge, Ark., for appellant.

Before BRIGHT, BENNETT * and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Fay Burleson appeals from a decision of the Railroad Retirement Board. The Board affirmed the decision of its Appeals Referee denying Burleson's application for an employee disability annuity pursuant to the Railroad Retirement Act, 45 U.S.C. § 231 *et seq.* The issue on appeal is whether the Board's decision is supported by substantial evidence. We affirm.

Section 2(a)(1) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231a(a)(1), provides an annuity for "individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment." The standards and rules for determining disability under the Railroad Retirement Act are identical to those under the more frequently litigated Social Security Act, and it is the accepted practice to use social security cases as precedent for railroad retirement cases. *See, e.g., Goodwin v. Railroad Retirement Board,* 546 F.2d 1169, 1172 (5th Cir.1977). This was the approach taken by the referee in this case.

Burleson worked for fifteen years as a pipefitter for a railroad. Burleson was required to terminate his employment with the railroad in 1979 due to low back strain and osteoarthritis of the lumbar spine. At a hearing before the referee, Burleson testified that he experiences substantial pain in his back, that he cannot walk for more than ten minutes without sitting down and resting, that he cannot bend at the waist without pain, that sitting or standing aggravates his pain after about thirty minutes, and that he spends about two hours each day lying down. Medical reports provided support for Burleson's claim that he experiences some pain.

In his decision, the referee followed the sequential analysis required by the social security regulations. *See Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1954–55, 76 L.Ed.2d 66 (1983). The referee first determined that Burleson's impairment was not of such a severe nature as to be, in and

of itself, disabling. 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 1.05 (1982). Then, based upon the medical evidence as well as the subjective testimony regarding pain, the referee determined that Burleson could not perform his prior work as a pipefitter. The burden thus shifted to the Board to prove that Burleson could perform some other regular work in the national economy. *McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983); *Jones v. Railroad Retirement Board,* 614 F.2d 151, 154 n. 4 (8th Cir.1980). The Board could meet this burden by showing that Burleson fit into a "not disabled" category under the medical-vocational guidelines. *O'Leary v. Schweiker,* 710 F.2d 1334, 1339 (8th Cir.1983); *McDonald v. Schweiker, supra,* 698 F.2d at 364.

The referee then found that Burleson had the residual functional capacity to perform sedentary work. There is substantial evidence in the record to support this finding. Work is sedentary if it primarily involves sitting (although occasional walking and standing may be required) and if it involves lifting no more than ten pounds at a time. 20 C.F.R. § 404.1567(a) (1982). In determining that Burleson was able to perform sedentary work, the referee relied upon a physician's assessment that Burleson could lift up to twenty pounds, as well as Burleson's own testimony that he could carry a gallon of milk to the table. Although Burleson claimed he could sit for only thirty minutes at a time, the referee discredited this testimony. The referee noted that Burleson was able to sit in the car for three and one-half hours on the way to the hearing, with one stop, indicating his ability to perform a job involving sitting, with an occasional opportunity to get up, stretch, and change positions. Additionally, the referee observed that Burleson himself did not rule out being able to perform sedentary work and stated he would like to try. In accordance with the regulations, the referee also found that Burleson was 49 years old, that he had an eighth grade education, and that his skills as a pipefitter were not transferable.

In making his determination concerning Burleson's ability to perform sedentary work, the referee gave careful consideration to Burleson's subjective complaints of pain and found that Burleson was in "some" but not "severe" pain. The referee's analysis shows that he made a reasoned assessment of the pain based on the medical reports, the subjective evidence of its existence, and the following facts: Burleson relies only on nonprescriptive medicine to ease his pain; he had not seen his treating physician since November 1980, approximately ten months prior to the hearing; he receives visitors on a regular basis; he can walk for one-quarter of a mile; he shops with his wife; he drives for short distances; he can perform his self-maintenance; and he was able to testify and focus his mind and attention upon questions at the hearing. The referee properly concluded that Burleson's pain did not significantly diminish Burleson's ability to perform sedentary work. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2 § 200.00(e)(2) (1982). *See also Dellolio v. Heckler,* 705 F.2d 123, 127 (5th Cir. 1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982).

The referee then referred to the guidelines and Burleson's qualifications identically matched those of Rule 201.19, 20 C.F.R. Pt. 404, Subpt. P., App. 2, Table 1 (1982). On the basis of that rule, the referee properly determined that work existed that persons with Burleson's characteristics could perform. Therefore, the guideline rule was controlling on the issue of Burleson's disability and the testimony of a vocational expert was not required. *Heckler v. Campbell, supra,* 103 S.Ct. at 1955; *O'Leary v. Schweiker, supra,* at 1338–1339.

The decision of the Board is affirmed.