Ira R. ABERNATHY, Petitioner,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 83–1464.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 7, 1983.

Decided Sept. 9, 1983.

---

1. The Honorable Elmo B. Hunter, United States Senior District Judge for the Western District of Missouri.

Ethel Schaen, St. Paul, Minn., for Ira R. Abernathy.

Dale G. Zimmerman, Gen. Counsel, Chicago, Ill., Railroad Retirement Bd., for respondent; Edward S. Hintzke, Asst. Gen. Counsel, Karl T. Blank, General Atty., Railroad Retirement Bd., Chicago, Ill., of counsel.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Ira R. Abernathy appeals from a decision of the Railroad Retirement Board affirming the decision of its Appeals Referee denying Abernathy's application for an employee disability annuity pursuant to the Railroad Retirement Act. 45 U.S.C. § 231 *et seq.* The issues on appeal are whether the Board applied the correct legal principles in evaluating the evidence and whether the Board's decision is supported by substantial evidence. We affirm.

Abernathy worked for a railroad for fifteen years as a machinist. He had some problems with his left knee in the late 1970's, and was required to terminate his employment in July, 1980 because of knee surgery. In March, 1981 Abernathy filed for an annuity alleging a disability onset date of July, 1980. He attempted to return to work as a machinist in June, 1981, but was pulled off the job after one week because the restrictions imposed by Abernathy's doctor did not allow him to do the necessary work.

Section 2(a)(1) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231a(a)(1), provides an annuity for "individuals whose permanent physical or mental condition is such that they are unable to engage in any regular employment." The standards and rules for determining disability under the Railroad Retirement Act are identical to those under the more frequently litigated Social Security Act, and it is the accepted practice to use social security cases as precedent for railroad retirement cases. *E.g., Burleson v. Railroad Retirement Board,* 711 F.2d 861 (8th Cir.1983).

■ In her decision, the Referee did not explicitly follow the sequential analysis required by the social security regulations, *see Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1954–55, 76 L.Ed.2d 66 (1983), but she did make the findings necessary to a proper decision. *See Burleson v. Railroad Retirement Board,* 711 F.2d at 862–63. The Referee determined that while Abernathy's impairment was not of such a severe nature as to be, in and of itself, disabling, the impairment would prevent Abernathy from performing his prior work as a machinist. This finding shifted the burden to the Board to prove that Abernathy could perform some other regular work in the national economy. *McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983); *Jones v. Railroad Retirement Board,* 614 F.2d 151, 154 n. 4 (8th Cir.1980). The Referee did not expressly recognize this shift in the burden of proof,[1] but did discuss whether Abernathy fit into a "not disabled" category under the medical-vocational guidelines, which is one way the Board can meet its burden. *Burleson v. Railroad Retirement Board,* 711 F.2d at 862–63. The Referee concluded that Abernathy had the residual functional capacity to perform light work. In making this determination, the Referee relied upon the statements and recommendations of Abernathy's doctors that his knee was steadily improving and that he lift weights and jog to strengthen the knee. As the Referee put it, "No doctor has ever suggested that he avoid sitting, standing, walking, bearing the full weight of his body on his left leg, or running. They have, in fact, prescribed an increase in most of those activities as therapeutic measures to increase the strength of his left leg." In addition, the Referee noted that Abernathy himself believed he was able to do less strenuous work than his machinist's job, and had unsuccessfully sought such a job with his former employer. In accordance with the regulations, the Referee also found that Abernathy was forty-six years old, that he had an eighth grade education, and that his skills as a machinist were transferable. Abernathy thus fit into a "not disabled" category under the guidelines.

■ These findings by the Referee are supported by substantial evidence. While there is some evidence that Abernathy is unable to sit or stand for long periods of time, the evidence that physical activity is part of his treatment, that Abernathy himself believes he could work at a less strenuous job, and that his doctors have noted consistent improvement in his knee, all support the Referee's findings.

■ The Referee then turned to Abernathy's subjective complaints of pain. The Referee found these complaints "not wholly credible in view of the totality of the evidence." Some of the Referee's remarks indicate that she may have rejected Abernathy's complaints of pain because they were not supported by objective medical evidence. Clearly objective evidence of pain is unnecessary. *E.g., Tucker v. Schweiker,* 689 F.2d 777, 781 (8th Cir.1982). However, we are satisfied that in this case the Referee did give some weight to Abernathy's complaints, and made a reasoned assessment of the pain based on the medical reports, the subjective evidence of its existence, and the fact that Abernathy took no medication, wore no supportive device such as a brace, and did not regularly see his treating physician about his knee. *See Burleson v. Railroad Retirement Board,* 711 F.2d at 863.

■ Abernathy argues that because he presented substantial evidence of a non-exertional impairment, the medical-vocational guidelines cannot be applied, citing *Nicks v. Schweiker,* 696 F.2d 633, 636 (8th Cir.1982). While there is evidence that Abernathy's pain has some effect on his ability to work,

---

1. Correct allocation of the burden of proof is extremely important. *O'Leary v. Schweiker,* 710 F.2d 1334 (8th Cir.1983). In this case the Referee did not explicitly recognize that the burden was on the Board to show that Abernathy could perform regular work. However, we consider that her analysis of Abernathy's work capability demonstrated an awareness of the correct allocation. In railroad retirement benefits cases, as in social security cases, the Referee should specifically focus the analysis in terms of who bears the burden of proof. *Id.*

Abernathy has never argued that, by itself, pain would prevent him from working; rather, his contention is that his pain coupled with his knee impairment prevent him from working. Further, we believe that in this case the Referee considered the degree to which Abernathy's work capability was diminished by his pain, and took into account all of the relevant facts. *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir. 1982). We continue to question the use of the medical-vocational guidelines in cases in which disabling pain is an issue, *id.,* but in this case we find that the Referee fully considered all the relevant facts, and that her decision is supported by substantial evidence.

The decision of the Board is affirmed.

ARNOLD, Circuit Judge, dissenting.

This is a close case, and there is much to be said for the result reached by the Court. In my view, however, today's decision cannot be squared with this Court's precedents, and I therefore respectfully dissent.

1. The record contains substantial evidence of pain, both from the claimant and from his wife. Pain can be disabling, either in and of itself or in combination with other medical conditions. When pain is substantial, it amounts to a nonexertional impairment that cannot be disposed of by a simple mechanical application of the Medical-Vocational Guidelines. See *McCoy v. Schweiker,* 683 F.2d 1138, 1148 (8th Cir.1982) (en banc). Whether pain is sufficiently substantial to avoid the application of the Guidelines is, of course, still a question of fact to be decided by the ALJ in the first instance, and she is empowered to disbelieve the claimant's testimony of pain. In the present case, however, the ALJ remarked only that she did not find claimant's testimony "wholly credible," R. 7. Apparently his testimony was not wholly incredible, either, and we are left to guess at the extent to which the ALJ believed plaintiff was telling the truth. On this state of the record, I am not persuaded that the Medical-Vocational Guidelines were properly applied.

2. In addition, as the Court notes, *ante,* p. 531 & n. 1, the burden was on the Board to show that Mr. Abernathy could perform *any* substantial gainful activity. Everyone concedes that he suffers from a severe physical impairment that prevents him from returning to his former work as a railroad machinist. In fact, he has tried on several occasions to go back to work for the railroad, without success. In this situation, the burden of proof becomes important. Its placement on the Board directly affects the margin of error in fact-finding. Yet, as the Court concedes, the ALJ showed no awareness that the burden had shifted. She did not find that the Board had proved that Mr. Abernathy could do any work. We do not know what finding would have been made if the correct burden of proof had been applied.

For these reasons, I would reverse the order of the Board and remand this case for further proceedings.