**Melvin A. CARTER, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

**No. 87–3084.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) Sept. 8, 1987.

Decided Nov. 19, 1987.

As Amended Dec. 22, 1987.

David C. Miller, Goldberg, Katzman and Shipman, P.C., Harrisburg, Pa., for petitioner.

Stanley Jay Shuman, Railroad Retirement Bd., Chicago, Ill., for respondent.

Before SLOVITER and STAPLETON, Circuit Judges, and FISHER, District Judge.*

OPINION OF THE COURT

CLARKSON S. FISHER, District Judge.

This appeal is from the Railroad Retirement Board's denial of a disability annuity under the Railroad Retirement Act of 1937 and a period of disability under the Social Security Act to petitioner, Melvin A. Carter. Carter has exhausted all administrative possibilities for relief. He now seeks this court's review pursuant to 45 U.S.C. § 355(f), which vests exclusive appellate jurisdiction over decisions of the Board in the Court of Appeals.

To establish entitlement to benefits, a claimant must show that

> he has a permanent physical or mental condition ... and he is because of such condition unable to perform regularly, in the usual and customary manner, the substantial and material duties of any regular and gainful employment.

20 C.F.R. § 208.17(a). A "permanent physical or mental condition" is defined, *inter alia*, as an impairment that can be expect-

---

* Honorable Clarkson S. Fisher, United States District Judge, District of New Jersey, sitting by designation.

ed to last for a continuous period of not less than 12 months. 20 C.F.R. § 280.10(a).

The Railroad Retirement Board affirmed, without opinion, the findings of the Appeals Referee ("Referee"). The Referee succinctly focused the issue before him, stating, "the Referee does not dispute that the appellant has pain; the issue is the degree of pain and the extent to which it restricts normal work activity." Petitioner's Appendix at 14. Thus, the Board held that the degree of pain experienced by Carter did not rise to the level of total disability. The issue for decision, therefore, is whether the Board's conclusion is supported by substantial evidence. *See* 45 U.S.C. 355(f).

■ On appeal, a decision of the Board will not be set aside if it is supported by "substantial evidence in the record, when viewed in the light that record in its entirety furnishes." *Kelly v. Railroad Retirement Board,* 625 F.2d 486, 493 (3d Cir. 1980). Substantial evidence is that which a reasonable mind would accept as adequate to support the result. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Podeworney v. Harris,* 745 F.2d 210, 219 (3d Cir.1984). In addition to being warranted in the record, the decision must also have a reasonable basis in law. *Rhinehart v. Railroad Retirement Board,* 423 F.2d 522, 525 (3d Cir.1970).

The pain petitioner suffers results from an automobile accident in October 1982. At a hearing conducted by the Referee, Carter testified that he currently suffers from pain and spasms in his lower back which also cause him pain in both legs. He also experiences constant neck pain and headaches. He testified that his headaches were severe enough to cause nausea. In addition, petitioner is on daily medication to alleviate high blood pressure and stomach pains. As a result, petitioner stated, he is unable to stand comfortably for more than 15 minutes to half an hour; he cannot sit for longer than a half hour without experiencing pain; and he is unable to lift or carry anything at all. Appendix at 194–196.

Petitioner testified that because of his condition, he is unable to take part in any of his former activities. He fears that doing anything will aggravate his condition. Additionally, he testified that the pain he experiences has also affected his disposition to the point that he is now very nervous and dislikes being in the company of others. Appendix at 191–192.

At the Board's request, petitioner was examined by Dr. Bruce Goodman. Upon completion of the examination, Dr. Goodman concluded that the "prognosis is quite guarded" as to Carter's muscle pain, and "in his present condition, he would be incapable of performing his usual work activities." Appendix at 122.

In addition to the physical examination, the Board requested that Dr. Joseph Saxon conduct a psychiatric evaluation. He diagnosed a "psycophysiological musculoskeletal reaction in association with an antecedent injury." In laymen's terms, this is a psychological condition which affects one's perception of pain. Carter was also found to possess an "anxious mood." The Referee found that this resulted in Carter's "inability to work in close association with his coworkers and his inability to deal with the public." Appendix at 17. Dr. Saxon concluded that the prognosis is "quite poor" and that Carter is disabled from substantial gainful employment. Appendix at 122.

Last, Carter was examined by Dr. Howard J. Bronfman. Dr. Bronfman conducted an upper gastrointestinal series which revealed "hyper-secretion, irritability and a diffuse prominence of the mucosal pattern in the stomach and duodenum." He attributed these conditions to "peptic disease." He stopped short, however, of identifying an ulcer, although he pointed out that it "could easily be overlooked." Appendix at 129.

In concluding that petitioner was not totally disabled, the Referee stated that

... There is, however, no medical evidence of record describing a condition that could reasonably be expected to cause the extensive and constant pain alleged by the appellant. All laboratory

reports were within the normal limits. The minimal degenerative changes described in at least one x-ray would not induce debilitating pain.

Appendix at 14.

After reviewing the record in its entirety, it is apparent that the Referee's decision is fatally flawed in several respects. While the decision is silent as to Dr. Goodman's report, the Referee rejects the conclusion of Dr. Douglas Sanderson, Carter's treating physician, that petitioner is disabled from even part-time work. Although the Referee was free to disregard that evidence, he must first weigh those conclusions against the other relevant evidence "and explain why certain evidence has been accepted and why other evidence has been rejected." *Kent v. Schweiker,* 710 F.2d 110, 115 n. 5 (3d Cir.1983). The Referee herein summarily rejected that conclusion because Dr. Sanderson offered "no elaboration" on the point. The administrative decision is silent as to why the x-rays and laboratory reports were more persuasive than the physical examinations conducted by Drs. Sanderson and Goodman. Moreover, Dr. Sanderson offers a full explanation for that conclusion. In a letter dated November 21, 1985, which was received as evidence by the Referee, Dr. Sanderson points out that, as of October 1985, "my objective assessment of his status at that time revealed that he had improved significantly from the time of his original evaluation but had not reached remission in any area other than loss of irritability over each median nerve at the wrist." Appendix at 152.

We find puzzling the Board's conclusion, apparently based on the x-rays, that there is no medical evidence of record describing a condition that could reasonably be expected to cause the claimed disability. Carter never claimed to have injuries that would appear on x-ray. He was concedely in an automobile accident. That accident resulted in soft tissue, musculo-ligamentous injuries in both the cervical and lumbar areas. His treating physician and Dr. Goodman, based on their physical examinations of Carter, have both described this condition as well as the resulting impairments that render him unable to work. Indeed, the Board itself found that there was "substantial supporting medical evidence which describes an impairment of a musculoskeletal nature sufficient to cause pain and some restriction of motion." Appendix at 16. Given the reports of the physicians in this record, Carter's testimony, and the absence of any conflicting medical evidence, the Board was not free to conclude that Carter's admitted injuries were incapable of causing debilitating restrictions and pain.

The Referee's disregard of Dr. Sanderson's conclusion not only minimized the weight given the objective medical evidence, but also diminished the credibility of petitioner's subjective pain complaints. It is now axiomatic that a claimant's subjective complaints of pain may, standing alone, establish a finding of total disability. *Green v. Schweiker,* 749 F.2d 1066, 1068 (3d Cir.1984). While such complaints are to be considered seriously even when not fully corroborated by objective medical evidence, they must be accorded "great weight" when reasonably supported by medical evidence. In the latter situation, subjective complaints should not be disregarded absent contrary medical evidence. *Id.* at 1068. It is apparent that the medical evidence reasonably supports petitioner's testimony of the pain he experiences. Had the Referee not discounted Dr. Sanderson's conclusion, petitioner's testimony would have made a greater impact.

Throughout his decision, the Referee takes particular note of Carter's failure to adhere to a regimen of physical therapy. Indeed, that single fact colored the Referee's views of Dr. Saxon's report and of petitioner's testimony of pain. In this respect, this case parallels *Kelly v. Railroad Retirement Board, supra.* Therein, the Board found Kelly had not made a serious effort to improve her mental condition, as evidenced by her failure to cooperate with her psychologist. Finding

the Board's focus "misplaced," the court wrote:

It is inappropriate to focus on Kelly's history of problems with her psychiatrists becaue one of the symptoms from which Kelly admittedly suffers is her inability to function socially or form interpersonal relationships.

*Id.* at 495.

Likewise, it was equally inappropriate for the Referee to rely on Carter's failure to adhere to his physical therapy program. The record clearly indicates that the petitioner suffers not only from his perception of pain, but also from a mental condition which affects his perception of pain. The Referee, though conceding that the petitioner was in a certain amount of pain, stated that his failure to perform his physical therapy program "undermine[s] his contention that his pain precludes all work." Appendix at 15. As in *Kelly, supra,* it was error to single out this particular fact as inconsistent with petitioner's complaints of pain when, in all likelihood, it is symptomatic of his physical and mental conditions.

With regard to the physical therapy program, the Referee emphasized that petitioner's treating physician, Dr. Sanderson, anticipated a full recovery if he were to adhere to the exercise program. The record reveals, however, that Dr. Sanderson significantly qualifed that assertion. His letter states, "it is anticipated when he has reached a level of relative remission for his current limited level of activity" that Carter would be given a more rigorous exercise program, so that he "might return to normal activities of daily living...." Appendix at 153. While the Referee may accept or reject testimony, he is not licensed to mischaracterize it. The court is convinced that by improperly focusing on therapy and giving it undue significance, the Referee failed to give appropriate weight to both Dr. Saxon's report and petitioner's testimony.

■ This court has the power to affirm, modify, or reverse a decision of the Rail-

road Retirement Board, 45 U.S.C. 355(f). The record presented on appeal presents a sufficient basis for determining whether petitioner is totally disabled within the meaning of the Railroad Retirement Act. Carter testified as to both the extent of his pain and the limitations it imposes on him. He states that by virtue of his back and stomach pain he is unable to work. The medical evidence in the record confirms this. The pain Carter complains of is attributable to a variety of medically-ascertainable conditions. In particular, both Dr. Sanderson and Dr. Saxon concluded that he is totally disabled. With regard to those conclusions, Stephen Freeman, a vocational expert, testified that Dr. Sanderson's recommended treatment of rest and periodic repositioning of the head and neck would definitely be incompatible with gainful employment. Likewise, Freeman stated that Carter's inability to relate to people would constitute "a very severe impairment." Appendix at 174–176. Therefore, there is no need to remand this case for further proceedings.

Under *Green, supra,* the petitioner's testimony was entitled to great weight and should not have been disregarded absent contrary medical evidence. The medical evidence, however, fully supports a finding of total disability. The court is satisfied that had the Referee given the evidence proper weight and regard, such a finding would have been made. The decision of the Board will be reversed and the case remanded to the Board for allowance of disability benefits.