

Villanova University School of Law

**2009 Decisions**

Opinions of the United
States Court of Appeals
for the Third Circuit

1-2-2009

# Whyne v. RRRB

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4345

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Whyne v. RRRB" (2009). *2009 Decisions.* Paper 2082.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2082

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4345

DENNIS WHYNE,
                                    Petitioner

v.

THE UNITED STATES RAILROAD RETIREMENT BOARD,
                                    Respondent

On Petition for Review of a Decision of the
Railroad Retirement Board
Claims Appeal Docket No. 06-AP-0028

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2008

Before:  SCIRICA, *Chief Judge*, RENDELL, *Circuit Judge*,
and O'CONNOR, *Retired Associate Justice*[*]

(Filed: January 2, 2009)

OPINION OF THE COURT

---

[*]The Honorable Sandra Day O'Connor, Retired Associate Justice of the Supreme
Court of the United States, sitting by designation.

SCIRICA, *Chief Judge*.

On November 18, 2003, Petitioner Dennis Whyne filed a claim with the Railroad Retirement Board, for a disability annuity under the Railroad Retirement Act and a period of disability under the Social Security Act.[1] His claim was denied by the Railroad Retirement Board's hearing officer. The hearing officer determined Whyne had not engaged in substantial gainful employment since October 1995 and that he suffers from hearing loss and "a severe exertional impairment which significantly affects his capacity for normal work activity." The hearing officer concluded, however, that Whyne was not disabled because his impairments would not prevent him from functioning in his regular occupation — the sedentary train dispatcher job he last held in 1995. The Railroad Retirement Board affirmed the hearing officer's denial of claims, and Whyne filed a petition for review.

We have jurisdiction under 45 U.S.C. §§ 231g and 355(f). Our review is limited to deciding whether the record contains substantial evidence supporting the Board's finding that Whyne could work in the sedentary job he left in 1995. *See Carter v. R.R. Ret. Bd.*, 834 F.2d 62, 64 (3d Cir. 1987). Substantial evidence consists of evidence "a reasonable mind would accept as adequate to support the result." *Id.*

---

[1] The standards for determining disability under the Railroad Retirement Act are identical to those applied under the Social Security Act. *Burleson v. R.R. Ret. Bd.*, 711 F.2d 861, 862 (3d Cir. 1983).

I.

In support of his findings, the hearing officer drew on the reports of multiple doctors. Every doctor who examined Whyne from the middle of 1993 to 2005 diagnosed a back condition or some hearing loss or both, but nonetheless indicated Whyne could engage in work requiring at least a light level of exertion. Additionally, doctors examining Whyne in 2005 concluded he could sit for long periods of time.

Following a 1993 examination, Dr. Lin reported that Whyne could do work at a light level of exertion. After a 1994 evaluation, Dr. Lin concluded Whyne could engage in work at a light or medium level of exertion. In 1996, Dr. Lin noted Whyne could not engage in heavy work but did not revise his earlier conclusions about light and medium work. An orthopedic evaluation in 2005 by Dr. Wolk concluded Whyne retained "significant residual functioning capacity." Dr. Wolk indicated Whyne was capable of light duty and capable of both standing and sitting for long periods of time — findings supporting a conclusion Whyne could engage in sedentary work.[2] A 2005 neurological evaluation by Dr. Aslam found Whyne could lift up to fifty pounds frequently, a finding consistent with medium-exertion work, light-exertion work, and sedentary work.[3] Dr.

---

[2]"If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

[3]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

Hong's 2005 examination for hearing loss confirmed Whyne suffered some hearing loss, but not enough to interfere significantly with Whyne's employment. Accordingly, substantial evidence of record supports the hearing officer's conclusion that Whyne could engage in his regular occupation, the sedentary train dispatcher job.

## II.

Whyne contends the hearing officer failed to give due weight to his subjective evidence of pain, which he describes as "pillow biting" — so severe he cannot work even at a sedentary job. Although "an [administrative law judge] must give serious consideration to a claimant's subjective complaints of pain," subjective evidence may be discounted in light of contrary medical evidence. *Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993) (*citing Carter*, 834 F.2d at 65). In this case, the hearing officer discounted Whyne's description of pain because medical reports suggested it was disproportionate to his medical condition. Based on their examinations, Doctors Lin, Wolk, and Aslam concluded Whyne could engage in work at either light or medium levels of exertion. Additionally, Doctors Wolk and Aslam concluded Whyne could sit for long periods of time. Because of this contrary medical evidence, the hearing officer's decision to discount Whyne's subjective evidence of pain was not improper.

## III.

Because the Board's reasons for denying the claim are supported by substantial evidence, we will deny the petition for review.

4