Audrey M. NELSON, Appellant,

v.

Margaret M. HECKLER,[1] Secretary, Health and Human Services, Appellee.

No. 83–1180.

United States Court of Appeals, Eighth Circuit.

Submitted June 29, 1983.

Decided July 26, 1983.

1. Margaret M. Heckler succeeded Richard S. Schweiker as Secretary of the Department of Health and Human Services on March 9, 1983.

Kenneth A. Olson, Frank L. Racek, Fargo, N.D., for appellant.

U.S. Atty. Rodney S. Webb, Fargo, N.D., for appellee.

Before HEANEY, BRIGHT and FAGG, Circuit Judges.

PER CURIAM.

Audrey Nelson is a fifty-five-year-old woman who dropped out of school after completing the ninth grade at the age of fifteen or sixteen. She married shortly thereafter and is the mother of five children. Nelson was a homemaker until 1966, when she went to work as a mangle operator in a hospital laundry. She was employed in the hospital laundry until early 1972, when the last of a series of back injuries rendered her too disabled to continue working. She was found eligible for Social Security disability benefits commencing in March of 1972, and she continued to receive these benefits until January, 1981. Her benefits were terminated on that date because a state agency determined that she was no longer disabled. This decision was affirmed on reconsideration on August 3, 1981.

Nelson then requested a hearing before an administrative law judge (ALJ), which was held September 29, 1981. The ALJ, after a careful consideration of all of the evidence, determined that Nelson was still disabled, and reversed the decision terminating her benefits. The ALJ stated that "[t]he preponderance of the medical evidence and testimony clearly show that the claimant continues to be unable to engage in any substantial gainful activity at any level of exertion, due to her residual low back pain." The ALJ noted that the claimant's treating physician, Dr. D. Ross Halliday, "indicated that the claimant continued to remain disabled from performing any kind of work at all because of her residual low back pain." The ALJ further noted that the claimant "has to alternate sitting and standing, as she cannot sit or stand for any length of time," and that the "claimant's physical activities, both in the occupational and social spheres, are severely restricted because of her severe back pain."

The Appeals Council, on its own motion, reviewed the decision of the ALJ and reversed. The district court affirmed the decision of the Appeals Council. We reverse and direct that benefits be reinstated as of the date of their termination for the following reasons:

(1) It is conceded that Nelson cannot return to her former employment as a man-

gle operator. The burden thus shifted to the Secretary to prove that Nelson could perform other work. *See O'Leary v. Schweiker,* 710 F.2d 1334, 1337 (8th Cir. 1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–1147 (8th Cir.1982) (en banc). The Appeals Council failed to recognize that the Secretary had this burden, and there is no evidence in the record from which we can find it has been met.

■ (2) The Appeals Council applied the Medical-Vocational Guidelines, Appendix 2, Subpart P, Part 404, Chapter III, Title 20 of the Code of Federal Regulations, 20 C.F.R. §§ 200.00–204.00 (1982), in determining that Nelson could do light work. This application was improper in view of the fact that pain, a nonexertional impairment, was a substantial factor in Nelson's disability. In such circumstances, the Secretary is obligated to produce vocational expert testimony concerning whether there are jobs available that a person with the claimant's particular characteristics can perform. *O'Leary v. Schweiker, supra,* at 1338–1339; *McCoy v. Schweiker, supra,* 683 F.2d at 1147–1148. There was no such vocational expert testimony here.

■ (3) The Appeals Council held that it would not find a claimant disabled because of pain unless the pain could be shown by medically acceptable clinical and laboratory techniques. This too was error. *See O'Leary v. Schweiker, supra,* at 1342; *Tucker v. Schweiker,* 689 F.2d 777, 780–781 (8th Cir.1982); *Brand v. Secretary of HEW,* 623 F.2d 523, 525–526 (8th Cir.1980); *Northcutt v. Califano,* 581 F.2d 164, 166 (8th Cir.1978).

For some unexplained reason, the Secretary insists upon ignoring this Court's statements with respect to the proper evaluation of pain. The Secretary must give consideration to subjective complaints of pain and may not disregard them solely because they are not fully corroborated by the objective medical evidence. *Tucker v. Schweiker, supra,* 689 F.2d at 780–781; *Brand v. Secretary of HEW, supra,* 623 F.2d at 525–526; *Northcutt v. Califano, supra,* 581 F.2d at 166. In determining whether a claimant's complaints are credible, the Secretary must consider all available evidence, including the claimant's work history, corroborative testimony, the claimant's efforts to seek relief for the pain, and, of course, the objective medical evidence. *See Brand v. Secretary of HEW, supra,* 623 F.2d at 527.

■ (4) In reaching the conclusion that Nelson was no longer disabled, the Appeals Council relied primarily on the report of a Social Security medical consultant, whose opinion was based exclusively on a review of the medical reports then in the record. The consultant did not examine the claimant or in any way attempt to evaluate her complaints of pain. We have held that such reports "deserve little weight in the overall evaluation of disability." *Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir.1974). As we said in *Landess v. Weinberger, supra,* "[t]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best." *Id.* The consultant's report cannot constitute substantial evidence in this case. *See McCoy v. Schweiker, supra,* 683 F.2d at 1147 n. 8; *Brand v. Secretary of HEW, supra,* 623 F.2d at 527 n. 6.

■ (5) Finally, the overwhelming evidence in the record supports the determination of the administrative law judge that Nelson remains disabled. This evidence is summarized in the January 18, 1982, deposition testimony of Dr. Halliday, the claimant's treating physician:

[S]he cannot do anything of any substantial nature such as holding down the job. She even has difficulty doing her own housework. She can do the light work if she takes her time and takes many rest periods. She gives me all the classical complaints of a mechanical instability of her spine.

\* \* \* \* \* \*

The x-rays of the back showed the [lumbosacral] fusion is solid; but in the face of all that, she still is unable, because of the chronic mechanical instabili-

ty of her low back, to carry on any meaningful gainful employment.

Dr. Halliday testified that in his twelve years of treating Nelson he had no reason to believe that her subjective complaints of pain were in any way inflated or not truthful, and he testified that "[w]e have tried all the treatment modalities" in an attempt to improve her condition. He indicated:

A. * * * We've tried a brace, which she wore for quite some time * * *. We've tried physiotherapy, heat, massage, traction, Tens units, biofeedback and they help. But when she doesn't do any work, then she feels well enough so that she doesn't need that. Do you understand what I'm saying, along those lines?

Q. I believe what you're saying, Doctor, is that if she is active in a work-type situation she aggravates her pain to the point where she becomes subject to more pain?

A. That's the point precisely.

Finally, Dr. Halliday testified that, contrary to the Appeals Council's determination, Nelson could not lift twenty pounds on a continuing basis, she could not stand for four to six hours in an eight-hour day, and she was in fact not able to perform any type of employment or work activity on a five-day a week, eight-hour a day basis.

Under all of the above circumstances, we must conclude that the Secretary's decision that the claimant is no longer disabled is not supported by substantial evidence. Accordingly, we have no alternative but to reverse and remand to the district court with directions to it to order that Nelson's disability benefits be reinstated as of the date of their termination.