**Richard E. CARLSON, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 82–2393.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 12, 1983.

Decided Aug. 18, 1983.

David L. Ramp, Duluth, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., Mary L. Egan, Asst. U.S. Atty., for appellee; Donna Morros Weinstein, Regional Atty., U.S. Dept. of Health and Human Services, Mimi H. Leahy, Asst. Regional Atty., Chicago, Ill., of counsel.

Before HENLEY, Senior Circuit Judge, and J.R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Richard E. Carlson appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying his application for Social Security disability benefits. We reverse and remand for further proceedings because the administrative law judge (ALJ) failed properly to allocate the burden of proof in assessing whether Carlson was able to perform any substantial gainful activity.

On appeal, Carlson contends that the ALJ committed error in requiring him to prove

that he could not perform sedentary work. Our decisions make it clear that once a claimant has successfully demonstrated that he or she is incapable of returning to his or her previous work because of disability, the burden of proof shifts to the Secretary to prove that the claimant can perform some other work in the national economy. *See, e.g., O'Leary v. Schweiker,* 710 F.2d 1334, 1337–38 (8th Cir.1983); *Simonson v. Schweiker,* 699 F.2d 426, 428 (8th Cir.1983); *McDonald v. Schweiker,* 698 F.2d 361, 364 (8th Cir.1983); *McCoy v. Schweiker,* 683 F.2d 1138, 1146–47 (8th Cir.1982) (en banc). In Carlson's case the ALJ recognized that Carlson was not able to return to his previous work as a boilermaker because of a cervical injury. At this point the burden of proof shifted to the Secretary to establish that Carlson has the residual ability to do some other kind of work. However, in finding that Carlson had "the physical ability to engage in at least 'sedentary' work" the ALJ stated:

> That the record of evidence establishes that *the claimant has not furnished proof of the existence of any physical impairment, or combination of impairments,* which have lasted or could have been expected to last for a continuous period of not less than 12 months, *which have precluded him from engaging in "any substantial gainful activity;"* * * *. (Emphasis added.)

There is no reference, either in the transcript of Carlson's hearing or in the ALJ's decision, indicating that the ALJ recognized that the burden of proof shifted to the Secretary to show that Carlson could perform sedentary work. To the contrary, the ALJ clearly placed the burden on Carlson to show he could not do sedentary work. Therefore, we must remand this case for further proceedings in accordance with the proper allocation of the burden of proof. *O'Leary v. Schweiker, supra,* 710 F.2d at 1338.

Because this error by the ALJ mandates our remand of the case we need not consider Carlson's additional contentions. On remand we advise the ALJ to be mindful of our recent decisions regarding the assess-

ment of subjective complaints of pain. *See, e.g., O'Leary v. Schweiker, supra,* 710 F.2d at 1339–42; *Simonson v. Schweiker, supra,* 699 F.2d at 429–30; *McCoy v. Schweiker, supra,* 683 F.2d at 1148. The ALJ should also recognize that:

> If the claimant's characteristics do not match those in the regulations—either because the claimant is suffering from a nonexertional impairment or is precluded from the full range of a particular work classification or for any other reason—the Secretary is required to produce vocational expert testimony concerning whether there are jobs available that a person with the claimant's particular characteristics can perform.

*O'Leary v. Schweiker, supra,* 710 F.2d at 1339–40; *see also McDonald v. Schweiker, supra,* 698 F.2d at 364–65; *Nicks v. Schweiker,* 696 F.2d 633, 636 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 780 (8th Cir.1982); *McCoy v. Schweiker, supra,* 683 F.2d at 1147–48.

We reverse the decision of the district court and remand this case with directions to remand to the Secretary for further consideration of Carlson's claim with the burden placed on the Secretary to show that there is sedentary work that someone with Carlson's impairments can realistically perform.