**Mary L. BUCKNER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. 83–0545–CV–W–8.**

United States District Court, W.D. Missouri, W.D.

March 5, 1984.

A.J. Falcone, Walter G. Latimer, North Kansas City, Mo., for plaintiff.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

STEVENS, District Judge.

Pursuant to 42 U.S.C. § 405(g), plaintiff Mary L. Buckner brings this action for judicial review of the Secretary's final decision terminating her disability insurance benefits. The case is before the court on cross motions for summary judgment.

### I. Background

Plaintiff is a thirty-nine year old woman with a tenth grade education. She was last employed at a paper company as a sorter and stacker of paper bags. While performing those duties in early 1976, plaintiff's clothing became caught in a machine which threw her against a steel beam, injuring her neck and back. Her injuries did not respond well to conservative treatment, so a cervical fusion was performed on September 28, 1976.

Following her accident, plaintiff applied for disability insurance benefits, and the Social Security Administration determined her disability began on May 14, 1976. On February 1, 1982, following a review of recent medical reports, the Administration determined that plaintiff's disability had ceased in January, 1982, and consequently that her benefits would terminate at the

end of March, 1982. On May 10, 1982, the Administration affirmed this decision after reconsideration; however, the Administration revised its decision on June 2, 1982, finding that plaintiff's disability ceased in May, 1982, and therefore benefits would be payable through July, 1982.

At plaintiff's request, an Administrative Law Judge (ALJ) heard her case on July 26, 1982; plaintiff appeared without counsel. Less than three weeks later, the ALJ entered a decision favorable to plaintiff.

On October 12, 1982, the Appeals Council, upon its own motion, decided to review plaintiff's case. In the letter informing her of this decision, the Appeals Council indicated its intent to reverse the ALJ's decision as unsupported by substantial evidence. A Legal Aid attorney responded on behalf of plaintiff and submitted an additional report from her doctor.

On April 6, 1983, the Appeals Council entered its decision reversing the ALJ and finding that plaintiff's disability ceased in January, 1982. Although it found plaintiff unable to perform her past relevant work, the Appeals Council concluded plaintiff retained the residual functional capacity (RFC) for light work. The Council then applied the grid regulations and found plaintiff not disabled. This action by the Appeals Council stands as the final decision of the Secretary.

█ Review by this court is statutorily defined and limited. The Secretary's final decision is not to be disturbed if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is therefore necessary to review the entire record and not merely that portion which supports the decision of the Secretary. *Brand v. Secretary of HEW,* 623 F.2d 523, 527 (8th Cir.1980). After careful review of the entire record, this court concludes that the Appeals Coun-

cil's evaluation of the evidence and application of the law are fraught with error.

## II. Burden of Proof

In the first place, the court notes some ambiguity in the burden of proof applied in this case. Plaintiff bears the burden of proving her continued disability and entitlement to benefits. *Weber v. Harris,* 640 F.2d 176, 177 (8th Cir.1981). However, once plaintiff establishes that she cannot perform her previous employment, the burden shifts to the Secretary to demonstrate that plaintiff can perform other substantial gainful activity. *Id.* at 177–78. The Eighth Circuit has recently restated this rule and reversed in cases where it obviously has not been followed. *See, e.g., Carlson v. Schweiker,* 715 F.2d 401, 402 (8th Cir.1983); *O'Leary v. Schweiker,* 710 F.2d 1334, 1337–38 (8th Cir.1983). In a case strikingly similar to the one at hand, the Eighth Circuit has reached the same result because the "Appeals Council failed to recognize that the Secretary had this burden." *Nelson v. Heckler,* 712 F.2d 346, 348 (8th Cir.1983).

█ In the instant case, both the ALJ and the Appeals Council concluded that plaintiff is unable to perform her past relevant work as a paper bag handler, and the evidence leaves no doubt that plaintiff can no longer lift the weight necessary to perform such work. Thus, the burden shifted to the Secretary to show that plaintiff could perform other work; however, it is at best unclear whether the Appeals Council recognized and properly applied this burden of proof. Indeed, certain statements suggest the contrary. In the letter announcing its intent to reverse the ALJ, the Appeals Council stated it would find plaintiff's disability ceased in January, 1982, "absent persuasive evidence to the contrary." *Certified Record* at 182. Standing alone, this statement might be construed simply as an indication the Secretary had met her burden and an invitation for plaintiff to submit rebuttal evidence. However, in discussing a possible depressive disorder, the Appeals Council in its

decision concluded "that there is no showing that the claimant has a nonexertional impairment which might impose limitations over and above the restrictions caused by her back condition." *Id.* at 11. This phrasing of the issue implies that the burden is on plaintiff. In another portion of the opinion, the Appeals Council stated: "In view of the history of the claimant's cervical disorder and the subsequent cervical fusion, *and giving the evidence the most favorable reading to the claimant,* the Appeals Council believes that she would still be capable of light work activity." *Id.* at 10 (emphasis added). Although the import of the emphasized language is unclear, it does nothing to dispel this court's concern that the Appeals Council may have imposed upon plaintiff a burden which was not hers to bear. Were this the only shortcoming of the Secretary's final decision, it might suffice to remand for clarification and reconsideration, consistent with recent Eighth Circuit precedent. *O'Leary,* 710 F.2d at 1337–39. However, other errors in the decision require outright reversal.

### III. Evidence of Pain

■ As discussed above, the Secretary bears the burden of proving that plaintiff could perform other work:

The Secretary's burden in this regard is twofold. He or she must first prove that the claimant retains the capacity to do other kinds of work, a burden which includes "the duty to establish by medical evidence that the claimant has the requisite RFC [residual functional capacity]." ... The claimant's RFC is the claimant's physical capacity to do work which is defined in the Secretary's regulations as sedentary, light, medium, heavy, or very heavy. If there is evidence that the claimant is also suffering from a nonexertional limitation, such as a mental, sensory or skin impairment, an environmental restriction, or pain, the Secretary's burden includes showing that these impairments do not preclude the claimant from performing other work.

*O'Leary,* 710 F.2d at 1338 (citation and footnote omitted). The Appeals Council concluded that plaintiff retained the ability to perform light work, defined as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (1983). The finding that plaintiff retains the ability to perform light work is not supported by substantial evidence, primarily because the Appeals Council failed to evaluate plaintiff's subjective complaints of pain according to well-established Eighth Circuit standards.

Plaintiff testified she has constant pain in her neck, shoulders, lower back, and left leg. Pain medication offers relief for only two hours at most. Pain prohibits plaintiff from sitting more than thirty minutes or walking even a block. Leg and back pain usually interrupts plaintiff's sleep two or three times per night. The Appeals Council found that plaintiff's "allegation of severe persistent pain is not supported by medical signs and findings." *Certified Record* at 12. Even a cursory review of the opinion reveals that the Appeals Council placed undue emphasis on the need for objective medical evidence of pain:

The Appeals Council held that it would not find a claimant disabled because of pain unless the pain could be shown by medically acceptable clinical and laboratory techniques. This too was error....

For some unexplained reason, the Secretary insists upon ignoring this Court's statements with respect to the proper evaluation of pain. The Secretary must give consideration to subjective complaints of pain and may not disregard them solely because they are not fully

corroborated by the objective medical evidence.... In determining whether a claimant's complaints are credible, the Secretary must consider all available evidence, including the claimant's work history, corroborative testimony, the claimant's efforts to seek relief for the pain, and, of course, the objective medical evidence.

*Nelson*, 712 F.2d at 348 (citations omitted).

The ALJ expressly found plaintiff's complaints of pain credible. *Certified Record* at 19. Plaintiff has tried to alleviate the pain with oral medication and shots behind her ears and in her lower back; her doctor referred her to a pain clinic. Her household activities and sleep are limited because of pain. The Appeals Council improperly discounted this evidence as well as considerable medical evidence indicating pain.

The Appeals Council placed considerable emphasis on the report of Dr. Ash, an orthopedic surgeon who examined plaintiff and simply diagnosed her condition as postoperative status, cervical fusion. *Certified Record* at 169. Although he found no muscle atrophy, muscle spasm, reflex disturbance, or significant loss of range of motion, he did note tenderness to palpation throughout the entire posterior cervical spine and the entire thoracolumbar and sacral region. He found slight tenderness in the left thigh, knee, and calf, and noted tingling sensations in the entire left upper extremity and left lower extremities generally. Straight leg raising produced discomfort bilaterally at 80°.

Plaintiff also consulted Dr. Monaghan. *Certified Record* at 171–72. His report is brief and his findings generally negative; however, he noted a defect in the lumbar spine, a 10° loss of lateral bending to the left in the cervical area, and anesthesia of the right index finger. He also recorded that plaintiff complained of pain from "head to toes."

Plaintiff's treating physician, Dr. Gialde, examined her and found "a restriction in the range of motion of the cervical spine, marked spasm and tenderness in the paravertebral musculature with tenderness over the greater occipital nerves bilaterally." *Certified Record* at 174. He also noted epigastric and suprapubic tenderness. "There was also marked spasms of the lumbar sacral areas along with exquisite tenderness over the right iliac crest in distribution of lateral femoral cutaneous nerve." *Id.* His diagnoses included cervical myositis with cervical radiculopathy, tension headache, lumbo sacral instability, lateral femoral cutaneous neuritis, and marked intraabdominal adhesions. He concluded plaintiff was incapable of work but could perhaps be retrained for sedentary employment. In a later report submitted to the Appeals Council, Dr. Gialde confirmed his previous diagnoses and found plaintiff "incapable of heavy work or work involving climbing, continued use of her upper extremity or any repetitive movements of the neck or head." *Id.* at 185.

The Appeals Council brushed aside the findings of pain by every doctor who examined plaintiff as well as the explanations therefor offered by Dr. Gialde. Simply stated, there was no fair and full analysis of the impact of pain upon plaintiff's residual functional capacity. The record does contain reports from two consultants, which purport to evaluate plaintiff's physical capacities based on a review of medical records only. The first report states plaintiff could stand, walk, and sit six hours per day and could lift and carry twenty-five pounds frequently with a maximum of fifty pounds. Plaintiff was not otherwise restricted. *Certified Record* at 170. The second report, likewise prepared by a physician who did not examine plaintiff, also states plaintiff could stand, walk, and sit for six hours per day. Lifting was restricted to ten pounds frequently and twenty pounds maximum. Plaintiff was also limited to occasional bending, squatting, crawling, reaching, and climbing of stairs. *Certified Record* at 175.

These reports are the only evidence purporting to quantify plaintiff's physical capacity in terms of the work classifications found in 20 C.F.R. § 404.1567. The Eighth Circuit has repeatedly criticized the use of

these reports, which although admissible, "are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole." *O'Leary,* 710 F.2d at 1341. In the absence of other evidence quantifying plaintiff's physical abilities, there is a failure of proof on this issue which must be charged against the Secretary, as the party bearing the burden of proof on the issue of residual functional capacity for other work. This failure of proof, combined with the Secretary's obvious failure or refusal to give appropriate consideration to the evidence of pain, compels this court to conclude that the finding of RFC for light work is unsupported by substantial evidence.

## IV. Medical-Vocational Guidelines

Once the claimant's capabilities are established, the second aspect of the Secretary's burden is to demonstrate that there are jobs available in the national economy that realistically suit the claimant's qualifications and capabilities.... In determining whether there are jobs available that a claimant can perform, the Secretary must consider the claimant's exertional and nonexertional impairments, together with the claimant's age, education, and previous work experience.

*O'Leary,* 710 F.2d at 1338. In some cases the Secretary attempts to meet this burden by offering the testimony of a vocational expert who is familiar with the facts of the particular case. In the instant case, a vocational expert did not testify; instead, the Appeals Council found this burden of proof was discharged by application of the Medical-Vocational Guidelines, Appendix 2, Subpart P, Part 404, Chapter III, Title 20 of the Code of Federal Regulations, 20 C.F.R. §§ 200.00–204.00 (1983).

These guidelines relieve the Secretary of the need to rely on vocational experts by establishing through rulemaking the types and numbers of jobs that exist in the national economy. They consist of a matrix of the four factors identified by Congress—physical ability, age, educa-

tion, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion as to whether work exists that the claimant could perform. If such work exists, the claimant is not considered disabled.

*Heckler v. Campbell,* —— U.S. ——, 103 S.Ct. 1952, 1954–55, 76 L.Ed.2d 66 (1983) (footnotes omitted). These so-called "grid" regulations withstood a general challenge in *Campbell* and have been previously approved in this circuit. *McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir.1982).

If the claimant's characteristics identically match those contained in the Medical-Vocational Guidelines ..., the Secretary may meet the burden of showing there are jobs in the national economy that the claimant can perform by applying the "grid." If the claimant's characteristics do not match those in the regulations—either because the claimant is suffering from a nonexertional impairment or is precluded from doing the full range of a particular work classification or for any other reason—the Secretary is required to produce vocational expert testimony concerning whether there are jobs available that a person with the claimant's particular characteristics can perform.

*O'Leary,* 710 F.2d at 1339.

■ The grid regulations were improperly applied in this case for two reasons. First, even assuming the Secretary had demonstrated plaintiff retains the capacity to do other work, the evidence of pain was sufficient to demonstrate the existence of a substantial nonexertional impairment. The grid regulations by their own terms provide, and the Eighth Circuit has repeatedly held, that the grid regulations do not apply in cases where a significant nonexertional impairment, such as pain, is present.[1] *Nel-*

---

1. Dr. Gialde also found evidence of a major depressive disorder, which would be another

*son,* 712 F.2d at 348; *O'Leary,* 710 F.2d at 1342; *McCoy,* 683 F.2d at 1148; Appendix 2, 20 C.F.R. § 200.00(e).

Second, substantial evidence fails to demonstrate that plaintiff is capable of performing a full range of jobs classified as light work on a sustained basis.

The RFC that must be found if the grid is to be used, in the case of sedentary and medium work, as well as light work, is not the ability merely to lift weights occasionally in a doctor's office; it is the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.

*McCoy,* 683 F.2d at 1147. The Appeals Council failed to consider the impact of plaintiff's pain on her ability to perform a full range of light work, as well as evidence of numbness and tingling in her extremities and restrictions on repetitious movements of the neck or head. Moreover, and as stated above, the only evidence purporting to quantify plaintiff's ability to stand, walk, sit, and lift are two checklists completed by consultants who did not examine plaintiff. These checklists do not constitute substantial evidence on the record as a whole that plaintiff can perform a full range of light work.

To apply the grid regulations in this case was a patently erroneous shortcut. The ALJ recognized the grid could not be applied here (*Certified Record* at 20–21), but for unknown reasons, the Appeals Council attempted to force this case to fit within the grid. In so doing, the Appeals Council acted in a manner clearly contrary to the law of this circuit. The Secretary undoubtedly knows the law; repeated failure to operate within it will eventually have untoward and unpleasant consequences. *See Hillhouse v. Harris,* 715 F.2d 428, 430 (8th

Cir.1983) (chastising Secretary for policy of nonacquiescence).

## V. Conclusion

 The decision of the Appeals Council will be reversed, and the decision of the ALJ reinstated. Remand is not appropriate for several reasons. First, a remand would merely give the Secretary a second chance to meet the burden of proof she clearly failed to meet the first time, a result which would be unfair to plaintiff. Second, more than two years have passed since the Administration determined that plaintiff's disability had ceased. To attempt to reevaluate plaintiff's condition as of January, 1982, with "new" evidence would be inherently hypothetical and speculative. Finally, "a remand would serve no purpose." *Tennant v. Schweiker,* 682 F.2d 707, 710 (8th Cir.1982). The history of this case before the Appeals Council gives the court little reason to believe that plaintiff's condition would be fairly and fully considered within the confines of the applicable laws and regulations as construed in this circuit.

For the reasons stated, it is

ORDERED that plaintiff's Motion for Summary Judgment is granted. The decision of the Appeals Council is reversed, and the decision by the Administrative Law Judge in favor of plaintiff is reinstated. It is further

ORDERED that defendant's Motion for Summary Judgment is denied. It is further

ORDERED that costs will be taxed to defendant pursuant to 28 U.S.C. §§ 2412 and 2414.

---

nonexertional impairment. The Appeals Council brushed this evidence aside, and in so doing, apparently placed the burden on plaintiff to demonstrate the extent and effect of any such impairment. As discussed in Section II *supra,* this was erroneous. *See O'Leary,* 710 F.2d at 1338 (if there is evidence of a nonexertional

limitation, "the *Secretary's burden* includes showing that these impairments do not preclude the claimant from performing other work") (emphasis added). In any event, depression would be another nonexertional impairment which would preclude application of the grid.