**Terry HUMPHREY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. 83–4422–CV–C–5.

United States District Court, W.D. Missouri, C.D.

Sept. 4, 1984.

David Kite, Mid-Missouri Legal Services, Inc., Jefferson City, Mo., for plaintiff.

Frederick O. Griffin, Jr., Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, District Judge.

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* Section 405(g) provides for judicial review of a "final decision" of the Secretary of Health and Human Services under both Title II and Title XVI. Plaintiff is appealing the Secretary's decision terminating his disability insurance benefits as of September, 1982, and rejecting his application for Supplemental Security Income. For the reasons set forth below, the Secretary's decision will be reversed and plaintiff will be retroactively entitled to all accrued disability and supplemental security income benefits.

### I. *Background*

On April 20, 1973, disability benefits were granted to plaintiff on the basis of a severe back injury. On March 23, 1982, the Social Security Administration initiated a routine review of plaintiff's disability status. On July 13, 1982, the state agency informed plaintiff that his disability insurance benefits were to be terminated as of September, 1982. This decision was upheld after reconsideration and plaintiff requested a hearing. On October 26, 1982, plaintiff filed an application for Supplemental Security Income. On July 6, 1983, a hearing was held before Lawrence E. Ehrhart, Administrative Law Judge. Plaintiff was represented by counsel at the hearing.

Plaintiff was the only live witness at the hearing. He testified that he was 42 years old at the time of the hearing, had a G.E.D., and had prior work experience as a welder, service station attendant, and small engine repairman. In 1973, plaintiff sustained a serious back injury while on the job. He has undergone six separate operations on his back. He worked for one week

in 1983 and wound up in the hospital after aggravating his back condition.

In addition to chronic back pain, plaintiff complained of constant pain in his groin and legs, severe headaches, numbness of the left arm and hand, and frequent bouts of depression. He wears a back brace and takes prescribed medication for his pain and depression. He cannot remain standing for more than half an hour and cannot remain seated for more than half an hour. Plaintiff spends his days watching TV and reading. He occasionally goes fishing, but cannot sit still long enough to do so for more than a short while. He does not drive a car because of the constant pain in his legs.

The medical evidence revealed that plaintiff's back problems had not improved since the initial determination of his disability. In March, 1983, plaintiff was admitted to Lake of the Ozarks General Hospital with an acute back strain and severe back pain. Dr. Tietjen, an orthopedic surgeon, indicated that plaintiff suffered from lower lumbar nerve root stretch and that this condition was not likely to improve. Dr. Mason noted that, in addition to his recurrent back problems, plaintiff has had a right inguinal hernia and bilateral shoulder surgery. After spending several days in the hospital and receiving treatment with muscle relaxants, plaintiff was released to recuperate at home.

In 1982, plaintiff spent five days in the Boone Hospital Center and seventeen days in Columbia Regional Hospital. Dr. Silvers, a neurologist, examined plaintiff on both occasions. In addition to noting plaintiff's chronic back and neck pain, Dr. Silvers found that plaintiff suffered from muscle contraction headaches, situational depression, alcohol abuse, and associopathy.

Finally, plaintiff was found to be "permanently and totally disabled" in the opinion of the agency's own medical consultant, Dr. Scherr. After a single examination, Dr. Scherr found that plaintiff "has x-ray evidence of an unstable lumbar segment which might well cause him considerable pain ... I cannot deny that he has disabling back pain, because he has had so many lumbar surgeries ... If indeed he does have this much pain, it is probably true that he is permanently and totally disabled."

Despite the overwhelming evidence of disabling exertional and non-exertional impairments, the ALJ found that plaintiff was no longer disabled. The ALJ acknowledged that the medical evidence established a severe strain of the lower back due to multiple operations, muscle contraction headaches, considerable pain, and sociopathy, yet stated that plaintiff had no nonexertional limitations. Accordingly, the ALJ applied the "grid" and ruled that although incapable of performing past relevant work, plaintiff was able to perform sedentary work. This decision was upheld by the Appeals Council on October 6, 1983. Thus, the ALJ's ruling stands as the Secretary's final decision in this case.

## II. *Standard of Review*

■ The form and scope of judicial review of the Secretary's decision is narrowly defined. Under 42 U.S.C. § 405(g), the Secretary's ruling is conclusive if it is supported by substantial evidence. *Clark v. Heckler,* 733 F.2d 65, at 68 (8th Cir.1984). Substantial evidence is defined as such evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *McMillian v. Schweiker,* 697 F.2d 215, 221 (8th Cir.1983). This standard of review, however, is "more than a mere rubberstamp of the Secretary's decision." *Id.* at 220.

■ In a disability benefits termination proceeding, the Secretary bears the initial burden of showing that there was a clear and specific error in the prior determination or that the claimant's condition has significantly improved. *Rush v. Schweiker,* 738 F.2d 909 (8th Cir.1984). Moreover, where the claimant's condition has improved but his impairments remain severe enough to prevent him from performing

past relevant work, the Secretary bears the burden of showing that the claimant can engage in some kind of substantial gainful activity. *Ledoux v. Schweiker*, 732 F.2d 1385, at 1387 (8th Cir.1984); *O'Leary v. Schweiker*, 710 F.2d 1334, 1337 (8th Cir. 1983); *McDonald v. Schweiker*, 698 F.2d 361, 364 (8th Cir.1983). To meet this latter burden, the Secretary need not find a specific job opening for the claimant, but must prove that substantial gainful employment is *realistically* within the mental and physical capabilities of the claimant. *McMillian v. Schweiker*, 697 F.2d at 221.

 If the claimant has exertional impairments only, the ALJ may apply the medical-vocational guidelines and the so-called "grid," 20 C.F.R. § 404.1569 & Appendix 2, to determine whether the claimant has the residual functional capacity for substantial gainful activity. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Where the claimant has a combination of exertional and nonexertional impairments, however, the grid is inapplicable; rather, the ALJ must propound a properly phrased hypothetical question to a vocational expert. *Id.* 103 S.Ct. at 1955 n. 5; *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir.1983); *McDonald v. Schweiker*, 698 F.2d at 364–65. The vocational expert's response will constitute substantial evidence to support a denial of benefits "only where the hypothetical question sets forth all of the claimant's physical and mental impairments." *McMillian v. Schweiker*, 697 F.2d at 221.

### III. *Opinion*

 The Court finds that the Secretary's decision terminating plaintiff's disability status is defective in two fundamental respects and, therefore, cannot stand.

First, the ALJ utterly failed to consider plaintiff's substantial non-exertional impairments. Despite uncontradicted evidence of plaintiff's severe back pain, muscle contraction headaches, and sociopathic personality, the ALJ bluntly concluded that plaintiff had no non-exertional limitations and that the "grid" was applicable. This

conclusion flies in the face of the agency's own regulations, 20 C.F.R. §§ 404.1545, 416.945, as well as a long line of cases decided by the United States Court of Appeals for the Eighth Circuit. *See, e.g., Clark v. Heckler*, 733 F.2d 65, at 68–69 (8th Cir.1984) (psychiatric impairment is a non-exertional impairment); *Ledoux v. Schweiker*, 732 F.2d 1385, at 1387–1388 (8th Cir.1984) (anxiety syndrome and allegations of pain are non-exertional impairments); *Nunn v. Heckler*, 732 F.2d 645, at 647–649 (8th Cir.1984) (pain is a non-exertional impairment); *Nelson v. Schweiker*, 712 F.2d 346, 348 (8th Cir.1983) (where non-exertional impairments exist, the "grid" is inapplicable); *McDonald v. Schweiker*, 698 F.2d 361, 364–65 (8th Cir. 1983) (non-exertional pain and psychological problems); *McCoy v. Schweiker*, 683 F.2d 1138, 1148–49 (8th Cir.1982) (evaluation of non-exertional impairments calls for vocational expert testimony).

In view of the agency's own regulations and the Eighth Circuit's consistent pronouncements, the Court is wholly unable to understand why the ALJ refused to recognize plaintiff's non-exertional impairments. *Cf.* Heaney, *Why the High Rate of Reversals in Social Security Disability Cases*, 7 Hamline L.Rev. 1 (1984). In any event, the ALJ's application of the grid and failure to consult a vocational expert clearly was error.

Second, and more important, the record in this case is *fundamentally inadequate* to support the Secretary's decision to terminate plaintiff's benefits. Uncontradicted evidence revealed that plaintiff had undergone six operations on his lower back. During plaintiff's most recent hospitalization, his physician declined to perform further back surgery because plaintiff's chronic injury was beyond repair. Indeed, the *sole* evidence supporting the ALJ's decision was a RFC checklist. It is well-settled that little weight is afforded these checklists. *Nunn v. Heckler*, 732 F.2d 645, at 649; *McCoy v. Schweiker*, 683 F.2d at 1147 n. 8. Moreover, even the agency's own medical consultant, Dr. Scheer, found plaintiff to be

permanently and totally disabled. Finally, the ALJ did not give any serious consideration to the uncontradicted evidence concerning plaintiff's substantial non-exertional impairments, including his sociopathic personality, chronic back pain, and muscle contraction headaches. Thus, it is clear not only that the Secretary's decision is unsupported by substantial evidence, but also that the evidence conclusively shows plaintiff's continuing disability. *Anderson v. Heckler*, 738 F.2d 959, at 960 (8th Cir.1984). Consequently, the Secretary's decision will be reversed and plaintiff will be retroactively entitled to all accrued disability and supplemental security income benefits.

■ In the final analysis, this Court is left wondering why the Social Security Administration decided to review plaintiff's disability status in the first instance and how the ALJ arrived at his groundless conclusion that plaintiff was no longer disabled. Seldom has there been so little supporting evidence in a disability benefits termination proceeding. It bears emphasis that even the agency's own medical consultant, Dr. Scherr, found plaintiff's disability to be a continuing one. The Court considers this piece of evidence especially significant in view of the fact that, at the behest of the agency, Dr. Scherr ordinarily finds claimants to be no longer disabled even in the face of overwhelming contrary evidence. *E.g., Wright v. Heckler*, No. 82–4340, slip op. at 3–6 (W.D.Mo. Aug. 27, 1984). Nevertheless, the agency decided to terminate plaintiff's benefits in the instant case on the basis of nothing more than a RFC checklist. As a result, plaintiff was forced to exhaust his administrative appeal, await his turn at judicial review, and, in the interim, endure. In the process, plaintiff has needed the experienced hand of counsel to guide him through this bureaucratic nightmare. In short, the government's position herein lacks substantial justification. Accordingly, the Court believes that, to the extent allowed by EAJA, plaintiff should be entitled to recover from the government his reasonable attorney's fees incurred in the instant proceeding. *Cornella v. Schweiker*, 728 F.2d 978, 988 (8th Cir.1984).

Therefore, it is hereby

ORDERED that the Secretary's decision terminating plaintiff's disability insurance benefits and rejecting his application for supplemental security income benefits is reversed. It is further

ORDERED that the Secretary shall reinstate plaintiff's disability status and shall pay plaintiff all accrued benefits since September, 1982. It is further

ORDERED that the government shall bear the costs and attorney's fees incurred by plaintiff in this proceeding. It is further

ORDERED that within twenty (20) days of this date, plaintiff's counsel shall submit an affidavit itemizing his fees incurred in the proceedings before this Court.