**Donald M. NEREM, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. Civ. 5–84–150.**

United States District Court, D. Minnesota, Fourth Division.

June 18, 1985.

56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206

---

Keith A. Dunder, Mahoney, Dougherty, and Mahoney, Minneapolis, Minn., for plaintiff.

James M. Rosenbaum, U.S. Atty. by Carol B. Swanson, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

(1981).

**114**

## ORDER

LORD, District Judge.

This case comes before the court upon the petition of plaintiff's counsel for an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Secretary of Health and Human Services (Secretary) has opposed the petition.

■ The Equal Access to Justice Act seeks to reduce the financial impediments to litigating against the government. *Foley Construction Co. v. U.S. Army Corps of Engineers,* 716 F.2d 1202, 1203 (8th Cir. 1983). The act requires the court to award attorney fees to any party who prevails in a lawsuit against the United States unless the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A) (1982). The United States has the burden of showing that its position had substantial justification. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code & Ad.News 4989. Congress felt that where the government forces a party into "lengthy administrative proceedings before final vindication of his or her rights ... the government should have to make a strong showing ... that its action was reasonable." *Id.* at 18, *reprinted in* 1980 U.S.Code & Ad.News 4997, *quoted in Cornella v. Schweiker,* 728 F.2d 978, 982 (8th Cir.1984). The EAJA applies to social security disability cases. *Cornella, supra,* 728 F.2d at 987. Indeed the act is perhaps more desperately needed here than in any other area. The Social Security Administration has in recent years embarked on a cruel campaign to trim the disability rolls, as the least powerful members of our society have been selected as those most in need of a dose of "fiscal responsibility." The agency has unlawfully refused benefits, ignored the law of the federal courts, and systematically denied due process to claimants in the effort. *See generally* Heaney, *Why the High Rate of Reversals in Social Security Disability Cases?* 7 Hamline L.Rev. 1 (1984); *see also Hillhouse v. Harris,* 715 F.2d 428, 430 (8th Cir.1983); *Nelson v. Heckler,* 712 F.2d 346, 348 (8th Cir.

1983). The only place these needy people can hope to receive a fair hearing is a federal court, and the cost of litigating in this forum can be daunting indeed. High court costs assure that the vast majority of the agency's actions will never be reviewed in any forum. Those who have instigated the present policy are surely aware of this.

■ In the present case this court granted plaintiff's motion for summary judgment against the government on March 29, 1985. The court concluded that the medical evidence alone established that plaintiff was totally disabled. This court also found that the Secretary had clearly erred in using the factors outlined in the Eighth Circuit's second *Polaski* opinion to discredit plaintiff's testimony. *Nerem v. Heckler,* Civ. No. 5–84–150, slip op. at 4–5 (D.Minn., March 29, 1985), *citing Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984). The medical evidence was not only consistent with plaintiff's allegations, but standing alone established his claim. When this court entered its order, the government had already denied this 55-year old carpet layer the benefits he was entitled to under the Social Security Act for some four and a half years.

A review of the files, transcript, and the opinion of the Administrative Law Judge (ALJ) in this case plainly demonstrates that the government's conduct throughout these proceedings lacked substantial justification. Because the medical evidence alone established plaintiff's claim, there was no warrant for the ALJ to attack his credibility, and then deny him benefits as a malingerer. The factors outlined in *Polaski* are intended to serve as guides for evaluating testimony when the medical evidence in the case is inconclusive. It was improper and abusive for the ALJ to use them against this claimant when he had already proven his case. The government's position was unreasonable both when it denied benefits and when it defended that action before this court. *See Cornella v. Schweiker, supra,* 728 F.2d at 981–83.

■ This court notes in passing that the government's position in opposing this fee petition also lacks substantial justification. The Secretary in her brief repeatedly cites the case of *Wolverton v. Schweiker* for the proposition that the government's position should generally be found unjustified under the EAJA only when there is no evidence to support it. Secretary's Memorandum at 3, *quoting Wolverton v. Schwieker,* 533 F.Supp. 420, 425 n. 14 (D.Idaho 1982). The Court of Appeals for this circuit has expressly rejected that analysis in the leading case on the issue. *See Cornella v. Schweiker, supra,* 728 F.2d at 983 n. 9. This court finds it remarkable that the Secretary has the temerity to defend her systematic violations of the law with bad law.

Therefore, based on the petition for an award of fees and the memorandum in opposition to an award, and a review of all the files and records herein, IT IS HEREBY ORDERED That an attorney fee of three thousand seven hundred and ninety-eight dollars ($3,798.00) be and is awarded to Keith A. Dunder, plaintiff's attorney, of Mahoney, Dougherty, and Mahoney, 801 Park Avenue, Minneapolis, Minnesota 55404, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).