**Patricia A. MORRISON, Plaintiff,**

v.

**Otis BOWEN, Secretary of Health & Human Services, Defendant.**

**Civ A. No. 83–6001.**

United States District Court, D. Kansas.

Sept. 14, 1987.

David Gray, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

This action is a timely appeal pursuant to 42 U.S.C. § 405(g) from a denial of disabled widow's insurance benefits by Otis Bowen, Secretary of Health and Human Services (the Secretary). The case is presently before the Court on the motion of plaintiff Patricia A. Morrison for summary judgment ruling that plaintiff has been disabled since November 3, 1980, and the cross-motion of the Secretary to affirm the decision of the Secretary that plaintiff has been disabled and entitled to widow's benefits since June 16, 1983.

Morrison filed an application for disabled widow's benefits in February of 1982. The application received consideration and reconsideration, but it was denied. On August 11, 1982, following a hearing, an administrative law judge (ALJ) rendered a decision unfavorable to plaintiff. The ALJ found that she was not under a "disability" as defined in the Social Security Act. On September 14, 1983, the Appeals Council denied plaintiff's request for review. The final decision of the Secretary was appealed to this Court. In an order filed October 16, 1984, this Court remanded the case to

the Secretary. Upon remand, a second hearing was held on April 2, 1986. The ALJ rendered a decision on April 30, 1986, indicating that plaintiff had established entitlement to widow benefits as of June 16, 1983. On September 30, 1986, the Appeals Council adopted the ALJ's decision.

This Court is quite familiar with the standards to be applied when reviewing a decision of the Secretary. The standard of review in this case is established by 42 U.S.C. § 405(g), which provides that "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is not the duty of this Court to reweigh the evidence. *Garrett v. Califano*, 460 F.Supp. 888, 890 (D.Kan.1978). It is this Court's duty to scrutinize the entire record to determine whether the Secretary's conclusions are rational. *Keef v. Weinberger*, 404 F.Supp. 1193, 1196 (D.Kan.1975). The Court cannot affirm the Secretary's decision by isolating a few facts and calling them "substantial evidence." *Cline v. Califano*, No. 78–4166 (D.Kan., *unpublished* August 31, 1979). Substantial evidence must be more than a mere scintilla. *Perales*, 402 U.S. at 401, 91 S.Ct. at 1427. Furthermore, in applying these standards, the Court must keep in mind that the purpose of the Social Security Act is to ameliorate some of the rigors of life for those who are disabled or impoverished. *Dvorak v. Celebrezze*, 345 F.2d 894, 897 (10th Cir. 1965).

█ The standards to be applied when determining eligibility for widow's benefits are much stricter than the standards used to determine eligibility for disability benefits. *Reynolds v. Secretary of Health & Human Services*, 707 F.2d 927, 928 (6th Cir.1983). A claimant for disability benefits need only prove his or her inability to perform "any substantial gainful activity." 42 U.S.C. § 423(d)(2)(A). A claimant for widow's benefits must prove an inability to perform "any gainful activity." *Id.*,

§ 423(d)(2)(B). A determination of entitlement must be based solely on the medical evidence, without regard to non-medical factors, such as age, education or work experience. 20 C.F.R. § 404.1577; *Hansen v. Heckler*, 783 F.2d 170, 172 (10th Cir. 1986). Moreover, a claimant is not entitled to widow's benefits unless she suffers from an impairment listed in Appendix 1, 20 C.F.R. Part 404, Subpart P, or suffers from one or more unlisted impairments which, considered singly or in combination, are the medical equivalent of a listed impairment. 20 C.F.R. § 404.1578.

█ In this case, the only issue is whether there is substantial evidence to support the ALJ's determination that June 16, 1983, was the onset date of plaintiff's disability. In a number of respects, the ALJ's findings lack the necessary foundation of substantial evidence.

First, the ALJ incorrectly determined the date of onset of plaintiff's mental illness. On June 16, 1983, the plaintiff was examined by Howard Brodsky, Ph.D. Based on his examination, Dr. Brodsky concluded that plaintiff suffers from dysthymic disorder (depressive neurosis) and probable histrionic personality disorder. R. 237. The Secretary concedes that "it is probably true that plaintiff's depression did not suddenly begin on the date of the examination" (Defendant's Memorandum, Dk. No. 24, at pp. 9–10), but suggests that "no more appropriate date is suggested by the record." *Id.* at 10. However, the plaintiff has presented evidence establishing an earlier onset date of her disability.

Plaintiff presented evidence at the second hearing which establishes November 3, 1980, as the onset date of her disability. After plaintiff's fall on November 3, 1980, "everything went downhill," and she "could no longer work or function" as before. R. 221. This result was because of the pain she suffered after her fall. In addition, two witnesses testified regarding plaintiff's condition. Jean Quilty, who has known plaintiff since 1982, testified that plaintiff falls down frequently and that pain prevents plaintiff from working. R. 224–225. Patricia Green has known plain-

tiff since before November 3, 1980. Green described plaintiff as an "entirely different person" after she fell. R. 226. Before her fall, plaintiff "was constantly on the go" and had "phenomenal vigor." R. 226. After her fall, plaintiff never really recovered. R. 227. Green testified that plaintiff was as "bad off" following her fall in 1980 as she was at the time of the hearing. R. 227.

Even if the plaintiff had not presented evidence regarding the onset date of her disability, the date chosen by the ALJ would still be reversed. The ALJ chose as the date of onset of plaintiff's mental illness the date the illness was initially diagnosed. The Court cannot accept this conclusion. Medicine simply is not practiced this way. A disease does not begin on the date it is first diagnosed. *See Branham v. Heckler*, 775 F.2d 1271 (4th Cir.1985) (error to use date of IQ test as onset date of mental retardation). The ALJ disregarded the fact that the symptoms relied upon by the psychologist in making his diagnosis started upon plaintiff's fall on November 3, 1980. R. 177–178. The fact that plaintiff's illness was not diagnosed sooner may be because plaintiff was unaware of the cause of her difficulties. *See O'Farrell v. Secretary*, No. 84–1436–T (D.Kan., *unpublished*, April 9, 1985) (a person suffering from mental difficulties may be particularly unable to recognize the need to seek treatment).

■ The second area in which the ALJ's findings are unsupported by substantial evidence is in regard to plaintiff's constant pain. The Court has previously reversed the ALJ on this matter. *See* Dk. No. 15, Opinion and Order, October 16, 1984. Morrison testified regarding her pain at the first hearing. *Id.* at 3–4. She testified regarding her pain at the second hearing also. R. 210–222. The ALJ found that plaintiff "was in some discomfort, and pain can be an important factor. . . ." R. 179. However, because of an absence of physical findings sufficient to constitute a listed impairment, the ALJ concluded that "the allegation of pain does not mandate a finding that an impairment meets or equals a listed impairment." R. 179. In *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984), the Court held that the absence of objective medical evidence was but one factor for the adjudicator to examine regarding allegations of pain. The ALJ "must give full consideration to all the evidence" relating to pain, including the claimant's daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions. *Id.* It appears that the ALJ failed to consider the testimony of plaintiff and the other witnesses as to plaintiff's limited daily activities and her constant pain. The ALJ never considered whether plaintiff's pain could constitute a disability. Credible assertions of severe pain alone may be sufficient to constitute a disability. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983); *Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir.1983); *Bastian v. Schweiker*, 712 F.2d 1278, 1281 (8th Cir.1983); *Smith v. Califano*, 637 F.2d 968, 972 (3rd Cir. 1981); *McLaughlin v. Secretary of Health, Education & Welfare*, 612 F.2d 701, 704–05 (2nd Cir.1980); *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir.1979); *Celebrezze v. Warren*, 339 F.2d 833, 838 (10th Cir. 1964).

Third, the ALJ again failed to give consideration to the combined effects of plaintiff's impairments; thus, the ALJ's conclusion in this area is not supported by substantial evidence. The ALJ merely stated that he was adopting "the previous determinations that there is no impairment or combination of impairments equal to a listed impairment at any time prior to June 16, 1983, . . ." R. 179. In so holding, the ALJ again relied on the same " 'phantom' reports by unidentified doctors" which the Court found unacceptable three years ago. *See* Opinion and Order, Dk. No. 15, at 6. The Court does not wish to repeat its prior opinion. However, it is plain that the ALJ again failed to take into consideration the cumulative effect of plaintiff's impairments.

The Court holds that the ALJ's finding that June 16, 1983, was the onset date of plaintiff's disability is not supported by

substantial evidence. In light of the significant evidence in the record attesting to the disabling results of plaintiff's fall on November 3, 1980, and the lack of evidence to support the Secretary's chosen onset date, the Court finds that no useful purpose would be served by again remanding this case for further consideration. The only reasonable conclusion to be drawn from the record is that plaintiff has been completely disabled since November 3, 1980. No purpose would be served by remand other than to delay the receipt of benefits to which plaintiff is entitled.

IT IS THEREFORE ORDERED that the motion of the Secretary for an order affirming the decision of the Secretary is hereby denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is hereby granted and the Secretary is ordered to grant plaintiff widow's benefits as of November 3, 1980.