United States Court of Appeals,

Fifth Circuit.

No. 95-60433

Summary Calendar.

Thomas M. SMITH, Petitioner,

v.

UNITED STATES RAILROAD RETIREMENT BOARD, Respondent.

June 14, 1996.

Petition for Review of an Order of the Railroad Retirement Board.

Before POLITZ, Chief Judge, and DAVIS and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

Thomas M. Smith petitions for review of the decision of the Railroad Retirement Board affirming a hearing officer's finding that Smith is not entitled to an annuity because he is not disabled from all regular employment. For the reasons assigned we grant the petition for review, reverse the Board's decision, and remand for a setting of the proper annuity and such other relief as may be appropriate.

*Background*

Smith worked for Southern Pacific Railroad as a railway car inspector from June 1974 until October 1991, inspecting rail cars and performing heavy maintenance. He left Southern Pacific's employ in September 1991 after injuring himself while closing a rail car door. He was diagnosed as suffering from ankylosing spondylitis, a chronic progressive and debilitating disease which fuses the spine and causes rigidity of the cervical, thoracic, and

1

lumbar vertebrae.  He also suffered from hypertension and chest pains.

In August 1992 Smith filed an application for a disability annuity with the Railroad Retirement Board.  His application was denied and he appealed to the Board's Bureau of Hearings and Appeals.  At a hearing Smith testified about his work experience, medical history, and daily activities.  Medical reports were filed.  A vocational expert testified that a significant number of jobs existed in the national economy which could be performed by a person whose residual functional capacity was described as follows:[1]

> Walking or standing up to two hours in a work day, not more than 15 minutes at a time;  sitting up to 6 hours in a workday, not more than 25-30 minutes at a time, the person can sit or stand at his option, lifting no more than 15 pounds; weak grip so he can not use hand tools and reduced alertness so as to preclude being around moving machinery.

In his written decision the hearing officer ostensibly found, on the basis of the evidence presented at the hearing and information included in the administrative record, that Smith was not entitled to an annuity, even though he had a severe impairment, because a significant number of jobs which he could perform existed in the national economy.

On appeal the Railroad Retirement Board affirmed, adopting the decision of the hearing officer.  Smith timely petitioned for review.

---

[1]"Residual functional capacity is what the claimant can do despite his or her limitations."  20 C.F.R. § 220.120(a)(1) (1995).

2

*Analysis*

Section 2(a)(1)(v) of the Railroad Retirement Act of 1974 provides, in relevant part, that an individual who has completed ten years of service shall be entitled to an annuity, upon application, if a permanent physical or mental condition renders him unable to engage in any regular employment.[2]

> An employee ... is disabled for any regular employment if he or she is unable to do any substantial gainful activity because of a medically determinable physical or mental impairment which meets the duration requirement defined in § 220.28.[3] ... To meet this definition of disability, a claimant must have a severe impairment, which makes him or her unable to do any previous work or other substantial gainful activity which exists in the national economy.[4] To determine whether a claimant is able to do any other work, the Board considers a claimant's residual functional capacity, age, education and work experience.[5]

We review findings of the Board to determine whether they are supported by substantial evidence.[6] "Evidence is substantial if it consists of "such relevant evidence as a reasonable mind might

---

[2]45 U.S.C. § 231a(a)(1)(v).

[3]20 C.F.R. § 220.28 (1995) provides: "Unless the claimant's impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months."

[4]Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 220.131 (1995).

[5]20 C.F.R. § 220.26 (1995). The regulations further set forth the method by which the Board shall determine whether a claimant is disabled for any regular employment. *See* 20 C.F.R. § 220.100 (1995).

[6]*Elzy v. Railroad Retirement Board,* 782 F.2d 1223 (5th Cir.1986).

3

accept as adequate to support a conclusion.' "[7]

The hearing officer reviewed and relied on certain evidence, set forth in his written decision, in making his findings and reaching his conclusion. A December 1993 report by Smith's family physician, Dr. James M. Caskey, informed that: (1) lifting and carrying are not affected by the impairment but the maximum Smith can lift or carry is one-third of an eight hour day; (2) standing and walking are affected by the impairment and Smith can stand and walk "on and off for twenty minute periods" and he can stand and walk without interruption for twenty minutes; and (3) sitting is not affected by the impairment. The hearing officer's decision then refers to a functional capacity assessment conducted in December 1993 and a report of a February 1994 examination in which Smith complained of chest pains in addition to his back pain.

Finally, the decision discusses Dr. Caskey's report of March 1994. In the March report Dr. Caskey advises that: (1) lifting and carrying are affected by the impairment, Smith can only lift and carry ten pounds, and lifting and carrying can account only for one-third of an eight-hour day; (2) standing and walking are affected by the impairment and Smith can only stand and walk four hours a day with only one hour uninterrupted; and (3) sitting is affected by the impairment and Smith can sit only two hours a day, limited to only one hour uninterrupted. In addition, Dr. Caskey's opinion concerning the frequency with which Smith may climb,

_____

[7]*Id.* at 1224 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

4

balance, and kneel changed from the earlier report of "occasionally" to "never."[8]

We entertain no doubt that the decision of the Board which adopted the hearing officer's decision must be reversed with judgment rendered in favor of Smith and the matter must be remanded for computation of the annuity to which Smith is entitled. The critical finding for the Board's conclusion, the finding that Smith may sit up to six hours in a workday of eight hours, is without support in the record. The only reference to Smith's ability to sit for six hours in a day comes from an April 1993 report from a medical consultant who never examined Smith. That report lends little to the essential assessment herein.[9] Dr. Caskey's March 1994 report states unequivocally that sitting is affected by the impairment and that Smith can sit for only two hours in an eight-hour day. The record evidence abundantly establishes that Smith is disabled and qualified to receive an annuity.

The petition for review is GRANTED, the decision of the Board is REVERSED, and the matter is REMANDED to the Board for computation and award of the proper annuity and such other relief

---

[8]The hearing officer did not discuss in detail any other evidence, notably including the letter from the Board's consulting physician, Dr. J.S. Todd, who found Smith "totally and permanently disabled from any gainful employment."

[9]*See Nelson v. Heckler,* 712 F.2d 346 (8th Cir.1983). *Nelson* is a Social Security disability benefits case. We often rely on such cases in interpreting disability issues arising under the Railroad Retirement Act. *Harris v. Railroad Retirement Board,* 3 F.3d 131 (5th Cir.1993). We find no indication that the hearing officer relied on this report for it is not mentioned in his decision.

as may be appropriate herein.