**Maria L. Ortiz DE LOPEZ, Plaintiff,**

**v.**

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. CV 07–5909–RC.**

United States District Court, C.D. California.

Feb. 3, 2009.

Andrew Thomas Koenig, Andrew T. Koenig Law Offices, Ventura, CA, for Plaintiff.

Assistant U.S. Attorney, Office of the General Counsel for Social Security Adm., San Francisco, CA, Sharla Cerra, Office of U.S. Attorney, Los Angeles, CA, for Defendants.

## OPINION AND ORDER

ROSALYN M. CHAPMAN, United States Magistrate Judge.

Plaintiff Maria L. Ortiz de Lopez filed a complaint on September 11, 2007, seeking review of the Commissioner's decision denying her application for disability benefits. The Commissioner answered the complaint on February 11, 2008, and the parties filed a joint stipulation on April 30, 2008.

## BACKGROUND

### I

On October 26, 2005 (protective filing date), plaintiff applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since April 12, 2005, due to high blood pressure and arthritis in her hands and knees. Certified Administrative Record ("A.R.") 76–80. The plaintiff's application was initially denied on December 28, 2005, and was denied again on June 6, 2006, following reconsideration. A.R. 32–42. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Joel B. Martinez ("the ALJ") on December 11, 2006. A.R. 43, 254–85. On January 26, 2007, the ALJ issued a decision finding plaintiff is not disabled. A.R. 11–26. The plaintiff appealed this decision to the Appeals Council, which denied review on April 27, 2007. A.R. 7–10, 243–53.

## II

The plaintiff, who was born in Mexico on May 17, 1945, is currently 63 years old. A.R. 77, 83–85, 257–58. She has a second-grade education, and previously worked as a machine operator. A.R. 95–96, 99, 148–55, 258, 260–66.

The sparse medical record shows that between January 12, 2004, and October 31, 2006, plaintiff received treatment from Omar Perez, M.D., who diagnosed her with arthralgia and right knee pain, among other conditions. A.R. 185–205, 231–37. Right knee x-rays taken June 25, 2004, were normal, as was a right leg venous duplex study performed on July 1, 2004. A.R. 197–98.

On April 12, 2005, Thomas Grogan, M.D., an orthopedic surgeon, examined plaintiff and diagnosed her with early right knee osteoarthritis, right shoulder impingement syndrome, osteoporosis, and other non-work-related conditions. A.R. 212, 228–29. Knee x-rays demonstrated early osteoarthritis, especially in the right knee as compared to the left knee. A.R. 229. Dr. Grogan opined plaintiff is physically incapable of working as a machine operator and should be precluded from that employment. *Id.* On December 8, 2005, Dr. Grogan reexamined plaintiff, and diagnosed her with right knee osteoarthritis, right shoulder impingement syndrome, osteoporosis, and other diseases. A.R. 227. Dr. Grogan reiterated plaintiff was unable to return to work as a machine operator. *Id.* Dr. Grogan opined plaintiff could perform light work, but should be restricted from working at heights or around moving machinery. A.R. 210–11. Dr. Grogan also opined plaintiff needed to alternate sitting and standing, and her breaks and lunch periods provided sufficient relief. A.R. 211.

On June 15, 2006, Dr. Grogan reexamined plaintiff, reiterated she was physically incapable of working as a machine oper-ator, and opined: plaintiff could sit for 4 hours in an 8–hour day and 3 hours at a time, stand for 3 hours in an 8–hour day and 2 hours at a time, and walk for 2 hours in an 8–hour day and 1 hour at time; can occasionally lift and/or carry up to 5 pounds; could not use her hands for simple grasping, pushing and pulling of arm controls, or fine manipulation; could not use her feet for repetitive movements such as pushing and pulling leg controls; could occasionally bend, squat, crawl, climb, and reach; and was moderately restricted from working at unprotected heights, being around moving machinery, and driving automotive equipment, and mildly restricted from exposure to marked changes in temperature and humidity. A.R. 226, 230. On November 8, 2006, Dr. Grogan refined his opinion, concluding plaintiff: could sit for 5 hours in an 8–hour day and 3 hours at a time, stand for 4 hours in an 8–hour day, and 2 hours at a time, and walk for 3 hours in an 8–hour day and 1 hour at time; could occasionally lift and/or carry up to 5 pounds; could not use her hands for pushing and pulling of arm controls or fine manipulation, but could perform simple grasping; could not use her feet for repetitive movements such as pushing and pulling leg controls; could occasionally bend, climb, and reach, but could not squat or crawl; and was totally restricted from exposure to dusts, fumes and gases, moderately restricted from working at unprotected heights, being around moving machinery, and driving automotive equipment, and mildly restricted from exposure to marked changes in temperature and humidity. A.R. 242.

On December 13, 2005, nonexamining physician R.D. Fast, M.D., opined plaintiff: could occasionally lift and/or carry up to 50 pounds, kneel, crouch, or crawl; could frequently lift and/or carry up to 25 pounds, climb, balance or stoop; was limited in her ability to reach; and should avoid concen-

trated exposure to extreme cold and fumes, odors, dusts, gases, and poor ventilation. A.R. 214–21. On June 6, 2006, nonexamining physician Leonore Limos, M.D., reaffirmed Dr. Fast's opinions. A.R. 221.

## DISCUSSION

### III

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the Commissioner's decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir.2008); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir.2008).

■ The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir.1995), *cert. denied*, 517 U.S. 1122, 116 S.Ct. 1356, 134 L.Ed.2d 524 (1996); *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir.1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. § 404.1520. In the **First Step,** the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, in the **Second Step,** the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. § 404.1520(c). If so, in the **Third Step,** the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d). If not, in the **Fourth Step,** the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. § 404.1520(f). If not, in **Step Five,** the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since her alleged onset date, April 12, 2005. (Step One). The ALJ then found plaintiff "has the following severe combination of impairments: early osteoarthritis of the right knee, obesity, hypertension, hyperlipidemia, a history of right shoulder impingement syndrome, and a history of asthma" (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a Listing. (Step Three). The ALJ next determined plaintiff can perform her past relevant work as a molding machine tender; therefore, she is not disabled. (Step Four).

### IV

■ A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. *Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir.2001); *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir.1989). Here, the ALJ found plaintiff has the RFC to perform medium

work[1] with no more than occasional postural activities, no more than frequent overhead reaching and manipulation, no exposure to extreme cold or heat, and no concentrated exposure to dusts, fumes or odors. A.R. 21. However, plaintiff challenges the Commissioner's decision on many grounds, including that the ALJ's opinion is not supported by substantial evidence because, among other things, the ALJ's RFC assessment is not supported by the requisite medical evidence. The plaintiff is correct.

As an initial matter, the ALJ properly determined Dr. Grogan was an examining physician, A.R. 23, rather than a treating physician, as plaintiff contends. Jt. Stip. at 10:11–19. Dr. Grogan acknowledges he did not provide treatment to plaintiff, but instead merely evaluated her orthopedic conditions, A.R. 225, 241, and plaintiff testified at the administrative hearing that Dr. Grogan did not prescribe any medications to her and did not refer her for treatment. A.R. 271–74. Under these circumstances, Dr. Grogan is not a treating physician.[2] *See* 20 C.F.R. § 404.1502 ("We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source."); *see also Boucher v. Apfel,* 238 F.3d 419, 2000 WL 1769520, *9 (6th Cir.2000) (Unpublished Disposition) ("[D]espite the fact that Dr. Reina examined [plaintiff] on three occasions, Dr. Reina did not have an ongoing treatment relationship with him and was therefore not a treating source.").

The ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician[,]" *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995); *Widmark v. Barnhart,* 454 F.3d 1063, 1066 (9th Cir.2006), and "[e]ven if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." *Regennitter v. Comm'r of the Soc. Sec. Admin.,* 166 F.3d 1294, 1298–99 (9th Cir.1999); *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir.2008). Here, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Grogan's opinions. *Bayliss v. Barnhart,* 427 F.3d 1211, 1217 (9th Cir.2005). *Bayliss,* 427 F.3d at 1217; *Connett v. Barnhart,* 340 F.3d 871, 875 (9th Cir.2003).

Most recently, Dr. Grogan opined that plaintiff: could only occasionally lift and/or carry up to 5 pounds, bend, climb, and reach; could sit for 5 hours in an 8-hour day and 3 hours at a time; could stand for 4 hours in an 8-hour day and 2 hours at a time; could walk for 3 hours in an 8-hour day and 1 hour at time; could not use her hands for pushing and pulling of arm controls or fine manipulation, but could perform simple grasping; could not squat or crawl or use her feet for repetitive movements such as pushing and pulling leg controls; and was totally restricted from exposure to dusts, fumes and gases, moderately restricted from working at unprotected heights, being around moving machinery, and driving automotive equip-

---

1. Under Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

2. In any event, the result reached is the same regardless of whether the Court finds Dr. Grogan was a treating or examining physician.

ment, and mildly restricted from exposure to marked changes in temperature and humidity. A.R. 242. The ALJ properly rejected these opinions because Dr. Grogan did not provide any rationale for many of his conclusions. A.R. 20, 23–24. Specifically, the ALJ found that although Dr. Grogan diagnosed plaintiff with osteoporosis or atherosclerotic cardiovascular disease, there was absolutely no objective support for these diagnoses in the record, *id.*, and "[t]he ALJ need not accept the opinion of any physician ... if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002); *Bayliss*, 427 F.3d at 1216.

■ Similarly, the ALJ also rejected Dr. Grogan's opinions because he "failed to mention any diagnostic or reliable clinical findings that would substantiate the limitations he gave." A.R. 24. An ALJ may properly reject an examining physician's conclusions that are inconsistent with his medical records, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008); *Bayliss*, 427 F.3d at 1216, or with the medical record as a whole. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.2004); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.1999). Although Dr. Grogan opined plaintiff was limited to lifting no more than 5 pounds occasionally, with no pushing, pulling or fine manipulation, A.R. 242, upon examination, plaintiff had a full range of motion, normal gait, motor responses and sensation, and only mild effusion in both knees, clicking on full range of motion in both knees, absent deep tendon reflexes at the Achilles tendon bilaterally, knee x-rays indicative of early arthritis, and decreased grip strength. A.R. 228–29. The ALJ properly found plaintiff's "reported grip strength of 10 pounds or less was inconsistent with the normal upper extremity motor examination and full range of motion." A.R. 20. Moreover, the only

other objective evidence in the record—right knee x-rays and a right leg venous duplex study performed by Dr. Perez—were normal. A.R. 197–98.

■ Since the ALJ properly rejected Dr. Grogan's opinions, the only other medical opinions in the record regarding plaintiff's physical limitations were those of nonexamining physicians Drs. Fast and Lemos, who opined plaintiff could perform a limited range of medium work. A.R. 214–21. By definition, nonexamining physicians do not perform "a personal medical evaluation," and "[w]ithout a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual." *Penny v. Sullivan*, 2 F.3d 953, 958 (9th Cir.1993); *Mendoza v. Barnhart*, 436 F.Supp.2d 1110, 1116 (C.D.Cal. 2006); *see also Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir.1983) (per curiam) (" '[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.' " (citation omitted)). Thus, the opinions of the nonexamining physicians, without more, do not constitute substantial evidence to support the ALJ's decision, *Pitzer v. Sullivan*, 908 F.2d 502, 506 n. 4 (9th Cir.1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions" of an examining physician.); *cf. Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir.2007) ("When [a nontreating] physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the [nontreating] physician are not 'substantial evidence.' "), and there is no substantial evidence to support the ALJ's Step Four determination that plaintiff retains the RFC to perform her past relevant work. *Shontos v. Barnhart*,

328 F.3d 418, 427 (8th Cir.2003) ("The opinions of ... practitioners who have attempted to evaluate [plaintiff] without examination do not normally constitute substantial evidence on the record as a whole. 'Likewise, the testimony of a vocational expert who responds to a hypothetical based on such evidence is not substantial evidence upon which to base a denial of benefits.'" (citations omitted)).

 When "the administrative record does not contain any opinion by a treating or examining physician regarding plaintiff's RFC," the ALJ has a duty to obtain "such an opinion. Thus, the ALJ also did not fully and fairly develop the record in this regard." *Mendoza*, 436 F.Supp.2d at 1116. Here, the ALJ also failed to develop the record, and this is an additional reason to remand this matter, as discussed below.

## V

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir.2002). "Generally when a court ... reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.2004) (citations omitted); *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir.2004). In this case, remand is appropriate so the ALJ can properly assess plaintiff's RFC.[3] *Mendoza*, 436 F.Supp.2d at 1117; *Powell*

---

**3.** Having reached this conclusion, the Court need not address the other claims plaintiff makes, none of which warrant greater relief than herein granted. Nevertheless, the Court notes that upon remand, the ALJ should consider whether plaintiff's inability to speak,

*v. Chater*, 959 F.Supp. 1238, 1246–47 (C.D.Cal.1997).

### ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is granted; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

read and understand English is a limitation in determining whether she can perform her past relevant work or other work. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).